SAMUEL AHLFIELD *et al.*

*v.*

FRANK CURTIS *et al.*

*Opinion filed October 23, 1907.*

1. WILLS—*when devise over is not controlled by death of devisee preceding that of the testator.* If the death of the first taker is coupled with circumstances which may or may not take place, such as without children, the devise over, unless controlled by other provisions of the will, takes effect upon the death of the first taker, under the circumstances specified, at any time, whether before or after the death of the testator.

2. SAME—*when devisee takes a base fee.* A devise of real estate to the testator's daughter, "then to her heirs," and if the daughter "should die leaving no heirs *of her own*" then the land shall be sold and the proceeds divided as specified in the will, passes a base or determinable fee, which becomes absolute if the daughter dies leaving any children but which terminates in favor of the devise over if the daughter dies without leaving any children.

WRIT OF ERROR to the Circuit Court of Edwards county; the Hon. J. R. CREIGHTON, Judge, presiding.

Hannah Ryan, a widow, was the owner of certain real estate situated in Edwards county, Illinois. On October 4, 1904, she executed her last will and testament, as follows:

*"In the name of God, Amen.*—I, Hannah Ryan, of Black, in the county of Edwards and State of Illinois, being of sound mind and memory and considering the uncertainty of this frail and transitory life, do therefore make, ordain and publish and declare this to be my last will and testament.

*"First*—I order and desire that my executor hereinafter named pay all my just debts and funeral expenses as soon after my decease as conveniently may be.

*"Second*—After the payment of such funeral expenses and debts, I give, devise and bequeath to my daughter, Anna M. Ryan, all my real estate, then to her heirs, described: East half, south-east quarter of section (5) five,

and the east half north-east quarter of section (5) five, all in township one (1), south, range (10) east, containing 106.49/100 acres, in Edwards county, Illinois, more or less. If my daughter should die leaving no heirs of her own, then I wish the real estate to be sold and the money divided into two equal parts, and one part to go to Minnie E. Ryan and Mary E. Ryan, daughters of my former husband, the other half to go to my brothers, Frank and John Curtis. Both sets of heirs shall have the right to buy the others out.

"*Thirdly*—It is my wish that my daughter shall give my mother a comfortable living during her natural life and that she shall have the use of one room in the house downstairs. The land shall not be sold during the lifetime of my mother, Mahala Curtis. The reason that I do not give to the other heirs on my side of the house is that they got their share by my father taking them to raise.

"*Lastly*, I make, constitute and appoint my daughter, Anna M. Ryan, to be executor of this my last will and testament, hereby revoking all former wills by me made.

"In witness whereof I have hereunto subscribed my name and affixed my seal the fourth day of October, in the year of our Lord one thousand nine hundred and four."

The will was properly executed and duly attested. The testatrix was the mother of one child, Anna M. Ryan, the devisee, then about seventeen years of age, who was unmarried and lived with her mother. The testatrix died January 10, 1905, leaving Anna M. Ryan surviving her. The will was admitted to probate March 6, 1905, and Anna M. Ryan was appointed executrix. On April 5, 1905, Anna M. Ryan married Samuel Ahlfield, one of the plaintiffs in error, and she died intestate March 1, 1906, leaving surviving her no children or descendants of children. Mahala Curtis, one of the beneficiaries under the will, died October 15, 1906. John Curtis and Frank Curtis are brothers of the testatrix, and Minnie E. Ryan (now Drummet) and Mary E. Ryan (now Carminke) are the daughters of a former husband of

the testatrix and are half sisters of Anna M. Ahlfield, (*nee* Ryan,) deceased. Clarence Walter, one of the plaintiffs in error, is the son and only heir-at-law of a deceased sister of Anna M. Ahlfield, (*nee* Ryan.)

John Curtis and Frank Curtis, two of the parties named in the last will and testament of Hannah Ryan, filed a bill in chancery in the Edwards county circuit court, at the November term, 1906, praying that the lands described in the will be sold and the proceeds distributed among John Curtis, Frank Curtis, Minnie E. Drummet (*nee* Ryan) and Mary Carminke, (*nee* Ryan.) Samuel Ahlfield and Clarence Walter were made parties defendant to the bill. The bill alleges that plaintiffs in error claimed some interest in the land devised by the will, but that, as a matter of fact, they had no interest in or title to the land. At the April term, 1907, of the circuit court plaintiffs in error filed their special demurrer to the bill, alleging therein that by the terms of the will of Hannah Ryan, John Curtis and Frank Curtis derived no interest in the land devised. The demurrer was overruled by the court and plaintiffs in error elected to stand by their demurrer. The bill was therefore taken *pro confesso* against them, and a decree entered directing a sale of the land devised and a division of the proceeds among the defendants in error. Plaintiffs in error excepted to the ruling of the court, and by writ of error have brought the record to this court for review.

I. W. IBBOTSON, and H. J. STRAWN, for plaintiffs in error.

CARROLL C. BOGGS, and J. M. CAMPBELL, for defendants in error.

Mr. JUSTICE VICKERS delivered the opinion of the court:

The only question involved in this case that requires discussion relates to the construction to be given to the second clause of the testatrix's will. That clause, omitting formal

and descriptive parts, reads as follows: "I give, devise and bequeath to my daughter, Anna M. Ryan, all my real estate, then to her heirs. * * * If my daughter should die leaving no heirs of her own, then I wish the real estate to be sold and the money divided in two equal parts, and one part to go to Minnie E. Ryan and Mary E. Ryan, daughters of my former husband, and the other half to go to my brothers, Frank and John Curtis. Both sets of heirs shall have the right to buy the others out."

The word "heirs" in the sentence, "I give, devise and bequeath to my daughter, Anna M. Ryan, all my real estate, then to her heirs," is used in its legal, technical sense, and means all those persons who would succeed to the estate in case of intestacy. The effect of this clause is to vest a fee simple title in the devisee, Anna M. Ryan. By the subsequent clause, "if my daughter should die leaving no heirs of her own," etc., the fee previously devised is made to depend on a condition which may or may not happen. If she dies leaving a child or children, which is the evident meaning of the words "heirs of her own," the fee devised to her passes to such child or children. If, however, she dies leaving no child or children, then the devise over of the remainder takes effect and the fee to the first devisee comes to an end and is determined. The estate of Anna M. Ryan was therefore a base or determinable fee. Such an estate is distinguishable from a life estate in that it might last forever in case the first taker dies leaving a child or children, but it is liable to be terminated by her death without leaving such child or children. Anna M. Ryan having died without leaving a child or children, the devise over took effect, and plaintiffs in error, who claim as her collateral heirs, have no interest in the estate in question.

Plaintiffs in error do not seriously contend that the word "heirs" in the second clause of this will should not receive its technical meaning, but conceding, as they seem to do, that such is the proper construction of that word as employed by

the testatrix in the second clause of her will above set out, it is insisted that the clause, "if my daughter should die leaving no heirs of her own, then I wish the real estate to be sold," etc., refers to the death of the primary devisee prior to the death of the testatrix, hence the gift over was substitutionary and dependent upon the death of the primary devisee in the lifetime of the testatrix and was designed to prevent a lapse, and that since Anna M. Ryan survived the testatrix, her estate became a fee simple and descended to her heirs. This court has had occasion to construe similar clauses in wills often, and the rule may be regarded as well established that when the death of the first taker is coupled with circumstances which may or may not take place, as, for instance, death under age or without children, the devise over, unless controlled by other provisions of the will, takes effect, according to the ordinary and general meaning of the words, upon the death, under the circumstances indicated, at any time, whether before or after the death of the testator. (*Summers* v. *Smith,* 127 Ill. 645; *Smith* v. *Kimbell,* 153 id. 368; *Bradsby* v. *Wallace,* 202 id. 239; *Fifer* v. *Allen,* 228 id. 507.) In the case at bar it is clear that the testatrix contemplated that her daughter would survive her. She is made executrix of the will and certain duties are enjoined upon her in respect to furnishing the mother of the testatrix with a home, etc., clearly indicating that the death of the devisee meant a death after the death of the testatrix. Anna M. Ryan died after the death of the testatrix, leaving no children. Her estate in the lands devised thereby terminated and the devise over took effect. There was therefore no error in overruling the demurrer of Ahlfield and Walter to the bill of defendants in error.

The decree of the circuit court of Edwards county should be and is accordingly affirmed.    *Decree affirmed.*