In re Leroy N. Thayer's Estate.

May Term, 1925.

Present:   Watson, C. J., Powers, Taylor, Slack, and Butler, JJ.

Opinion filed October 9, 1925.

*Wills—Presumption as to Words of Survivorship—When Devised Estate May Be Held Contingent—Intention of Testator—Creation of Estate in Fee Simple with an Executory Devise—Language Construed to Create' Base or Determinable Fee.*

1. Words of survivorship are presumed to relate to death of testator, if fairly capable of such construction.

2. A devised estate will not be held contingent, unless very decided terms' are used by testator, or it is necessary to hold same contingent in order to carry out other provisions or fair implication of will, and no estate will be held contingent unless positive terms are employed in will indicating such intentions.

3. Intention of testator as to creating contingent estate, so far as it may be legally carried out when ascertained, will control.

4. Testator's intent to create contingent estate must be gathered from will itself, test being what testator meant from language used, and whole paragraph must be read together, it making little difference whether granting clause is in itself conditional or condition is annexed to such a clause.

5. When language employed by testator annexes a futurity to substance of gift which clearly indicates intention of testator to make it terminable upon happening of future event, interest is contingent.

6. When devise over depends upon a.definite failure of issue at decease of first devisee, an estate in fee simple with an executory devise is created.

7. Language of will *held* to manifest testator's intention, after providing certain other specific legacies, to give entire residue and remainder of estate to his two sons or survivor of them, subject to contingency that if either should decease without issue of his body, survivor of them should take whole estate,

thereby creating what is denominated a base or determinable fee, hence on death of one son without issue of his body, whole estate vested in survivor.

APPEAL from final decree of distribution made by probate court of district of Marlboro, in county of Windham, under will of Leroy N. Thayer, John L. Thayer, surviving son of testator, to whom one-half of residue of estate was decreed, appealing. The opinion states the case. *Reversed and remanded with directions.*

*Barber, Barber & Miller* for appellant.

The will spoke as of time of testator's death. *In re Bugbee's Will,* 92 Vt. 175.

Estate of two sons under will was a base or determinable fee. Washburn on Real Property, 5th ed. Vol. 1, pp. 94-96; Kent's Commentaries, Vol. IV, *9; 21 C. J. 923, 924; *Ahlfeld* v. *Curtis,* 229 Ill. 139, 89 N. E. 276; *Mendenhall* v. *First New Church Society of Indianapolis,* 177 Ind. 336, 98 N. E. 57; *First Universalist Society of North Adams* v. *Boland,* 155 Mass. 171.

Legal effect of will giving residue to testator's two sons, but providing that if either should decease without issue of his body, survivor of them should take share of deceased son, created cross-contingent remainders. *Atkins Executrix* v. *Atkins et al.,* 87 Vt. 383; Washburn on Real Property, Vol. 2, pp. 604, 605; Kent's Commentaries, Vol. IV, *201; Reeves on Real Property, p. 747; *In re David Robinson's Estate,* 90 Vt. 328.

*F. D. E. Stowe* for claimant.

The law favors early vesting of estates. *In re Robinson's Estate,* 90 Vt. 328; *In re Peck's Estate,* 96 Vt. 183.

No estate will be held contingent unless very decided terms are used in will or it is necessary to so hold to carry out other provisions of will. *Re Tucker's Will,* 63 Vt. 104; *Weatherhead* v. *Stoddard,* 58 Vt. 623.

BUTLER, J.    This case comes here upon an appeal from the final decree of distribution from the Probate Court of the District of Marlboro, under the will of Leroy N. Thayer, late of Brattleboro.

The third clause of the will reads as follows: "The residue and remainder of all my said estate, both real and personal, and wheresoever situate and being, I give, devise and bequeath in equal shares, to my two sons, Henry W. Thayer and John L. Thayer, or the survivor of them, to them and their heirs forever; but in the event that either the said Henry W. Thayer or John L. Thayer should decease without issue of their bodies, then it is my will that the survivor of the two receive the share of the deceased one, to whom I do hereby give, devise and bequeath the same to him and his heirs forever.''

Both Henry W. and John L. survived the testator. Pending the settlement of the estate of Leroy N., Henry W. Thayer deceased without issue, and the estate was decreed by the probate court in equal shares, one-half to the said John L., and one-half to the estate of Henry W. To this decree, John L. duly filed his exceptions, which were overruled, and he was allowed an appeal.

The only question presented is as to the construction to be given to the third paragraph of the will, quoted above. The appellant contends that at the death of the testator one undivided half interest in the residue and remainder of the estate vested in each of the two sons as a base or qualified fee with cross-contingent remainders. While the estate of Henry W. insists that it was the intent of the testator to give the children of Henry W. or John L. in case of the decease of either before the death of the testator, their father's equal shares and that at the death of the testator, the two sons should take the whole estate absolutely and without contingency.

[1, 2]  True, the rule must not be overlooked that words of survivorship are presumed to relate to the death of the testator, if fairly capable of such construction. *Aldred* v. *Sylvester*, 184 Ind. 542, 111 N. E. 914. And a devised estate will not be held contingent unless very decided terms are used by the testator, or it is necessary to hold the same contingent in order to carry out the other provisions or the fair implication of the will, and no estate will be held contingent unless positive terms are employed in the will indicating such intentions. *In re Robinson's Estate*, 90 Vt. 329, 98 Atl. 826.

[3, 4]  But the intention of the testator, so far as it may be legally carried out when ascertained, will control. *Harris et al.* v. *Harris' Estate*, 82 Vt. 199, 72 Atl. 912; *Wheeler* v. *St. Johnsbury et al.*, 87 Vt. 46, 87 Atl. 349. His intent must be

gathered from the will itself and the test is, what did the testator mean by the language used? *Richardson* v. *Paige*, 54 Vt. 373. The whole paragraph must be read together, and it makes little difference in the construction whether the granting clause is in itself conditional or the condition is annexed to such a clause. *Chaplin* v. *Doty*, 60 Vt. 712, 15 Atl. 362.

The contention that it was the intention of the testator to give to the children of the two sons in case of the death of either Henry W. or John L. before the death of the testator, is untenable, for the first sentence of the paragraph in question gives the residue to both of his two sons John and Henry or the survivor of them. That an absolute estate, unaffected by the limitation of the further provision of the same paragraph, was intended, must be rejected as in conflict with the familiar rules of construction that the whole paragraph should be read together and proper effect be given to every part, is equally obvious. *Shepard's Heirs* v. *Shepard's Estate*, 60 Vt. 109, 14 Atl. 536; *Morse* v. *Stoddard's Estate*, 90 Vt. 479, 98 Atl. 991.

If an absolute estate in fee was intended, the second clause of the will would be wholly superfluous. If any effect is to be given to this clause, it must be to make what would be an absolute estate, into a base fee, or determinable fee, in the equal shares of the remainder of the estate which is determinable upon the happening of the contingency specified therein, viz., the death of the taker without issue of his body.

[5, 6] When the language employed by the testator annexes a futurity to the substance of the gift which clearly indicates the intention of the testator to make it terminable upon the happening of a future event, like the definite failure of issue, the interest is contingent. *In re Robinson's Estate*, 90 Vt. 329, 98 Atl. 826; *In re Irish's Will*, 89 Vt. 56, 94 Atl. 173, Ann. Cas. 1917C, 1154. It is the well-settled rule in this State that "when the devise over depends upon a definite failure of issue at the decease of the first devisee, an estate in fee simple with an executory devise is created." *Randall* v. *Josselyn*, 59 Vt. 557, 10 Atl. 577.

[7] Manifestly, the testator intended, after providing certain specific legacies to others, to give the entire residue and remainder of the estate to his two sons or the survivor of them, subject to the contingency that if either John or Henry should decease without issue of his body, the survivor of them should

take the whole estate that was bequeathed to the two, otherwise the latter clause in paragraph three of the will would be ineffective. These views are confirmed by the further manifest intention of the testator to cut off his other children and their issue from participating in the remainder. He gives to each a small specific legacy, then gives the remainder to these two sons or their survivor and to their heirs, with the express limitation above referred to. And such an estate may be denominated a base or determinable fee. This holding is in full accord with other cases that have come to our attention. *Ahlfield* v. *Curtis,* 229 Ill. 139, 82 N. E. 276; *Blackstone* v. *Althouse,* 278 Ill. 481, 116 N. E. 154, L. R. A. 1918B, 230; *Lee* v. *Roberson,* 297 Ill. 321, 130 N. E. 774.

It must therefore be held that on the death of Henry W. without issue of his body, the whole estate vested in the survivor and became the estate of John L. Thayer and should have been decreed to him.

*Decree reversed. Cause remanded with direction that the will of Leroy N. Thayer be construed in accordance with the views herein expressed and not otherwise, and that the property be decreed accordingly.*