IN RE WALBRIDGE'S WILL.

February Term, 1930.

Present: POWERS, C. J., SLACK, MOULTON, WILLCOX. and THOMPSON, JJ.

Opinion filed May 7, 1930.

*March M. Wilson* for appellants.

*Stanley C. Wilson* for appellee.

Powers, C. J. Chester B. Walbridge died at Sharon, Vt., on August 13, 1922. He left a properly executed will dated April 7, 1913, the residuary clause of which reads as follows: "VI. All the rest, residue and remainder of my estate, real and personal, I give and devise to my said wife for her use during her life-time. And at her decease it is my will that said residue vest in my cousins who may survive my said wife (including my cousin Edna L. Chadwick before mentioned) and if any such cousin shall have deceased leaving children who are then living, it is my will that such children take the share of the cousin so deceased."

Edna L. Chadwick did not survive the testator's widow. The latter died November 15, 1928. As shown by the record, the cousins of the testator may be divided into three groups: (1) Those who outlived the testator, and either survived his widow or left children who did. (2) Those who were alive when the will was executed, but died prior to the testator's death, leaving children who survived his widow. (3) Those who died prior to the date of the will, leaving children who survived the widow.

The cousins of group (1) are Charles Albert Walbridge, Ben O. Brewster, and Will E. Heath. Of these all are alive except the first named, who left two children who are now living. The probate court for the district of Hartford, in which the estate is being administered, decreed the residue thereof to the cousins of this group, dividing the Charles Albert Walbridge third between his surviving children. Members of groups (2) and (3) appealed to this Court under G. L. 3451.

To whom does the residuary clause of the will give the residue of the estate?

The appellants contend that it is to be distributed to all those in the three groups of cousins and their children by representation. Or, they say, if this be not so, the residue must go to the cousins of groups (1) and (2), and their children by representation. The appellee insists that the decree below correctly distributes the residue.

■■ It all depends, of course, upon the testator's intention as expressed in the will.

That a will speaks as of the time of the testator's death is a general rule of probate law everywhere recognized and approved by this Court. *In re Bugbee's Will*, 92 Vt. 175, 186, 102 Atl. 484. In other words, a will is ordinarily to be given effect as if it was executed immediately before the testator's demise. *Stahl* v. *Emery*, 147 Md. 123, 127 Atl. 760, 764. This rule applies when, as here, the gift in question is to a class. In such case, the members of the class are to be determined as of the date of the testator's death, unless a contrary intent is made manifest by the language of the instrument. *Crowell* v. *Chapman*, 257 Mass. 492, 154 N. E. 397, 400; *Gaston* v. *Ford*, 99 N. J. Eq. 592, 133 Atl. 531, 533; *Winsor* v. *Brown*, 48 R. I. 200, 136 Atl. 434, 435; *Friederichs* v. *Friederichs*, 205 Iowa, 505, 218 N. W. 271, 272. This is the general rule. The language of the will, however, may be such as to require the members of the class to be fixed at the date of the will. *Merrill* v. *Winchester*, 120 Me. 203, 113 Atl. 261, 265, or at the termination of an intervening estate. Of this latter class of cases are *In re Irish's Will*, 89 Vt. 56, 62, 94 Atl. 173, Ann. Cas. 1917C, 1154; *In re Henry's Will*, 99 Vt. 437, 442, 134 Atl. 632, 49 A. L. R. 169; and *In re Field's Will*, 101 Vt. 242, 250, 143 Atl. 280. In each of these cases we held that the members of the class were to be determined, not at the death of the testator,

but at the date of the distribution. While *In re Carter's Will*, 99 Vt. 480, 486, 134 Atl. 581, 61 A. L. R. 1005, and *In re Tucker's Will*, 63 Vt. 104, 105, 21 Atl. 272, 25 A. S. R. 743, were cases calling for the application of the general rule, and we held therein that the members of the respective classes were to be determined at the death of the testators.

The children of the cousins of group (3) are not entitled to anything under this will. Not only do we find nothing in the will to warrant an inference that the testator intended a different result than would follow an application of the general rule, but the language of the testator negatives the idea that he intended these children to participate in his bounty. The words "shall have deceased" plainly point to a future rather than a past event. As was said by this Court in *Douglas* v. *James*, 66 Vt. 21, 24, 28 Atl. 319, 320, 44 A. S. R. 817: "It is true that the verb 'shall have died,' being in the second future tense, grammatically. considered, points, not to what had taken place when the will was made, * * * * * but to what might take place thereafter, * * * * *." In that case, the Court said that this referred to what might take place between the date of the will and the death of the testator. This was so, because the language of the will was "shall have died previous to my decease." So the contemplated interval must have been as stated. A majority of the Court held in that case that the language used was not to be taken in its strict grammatical sense, and that the will provided for one who had died prior to its date. But the grammatical construction of a will is to be regarded, and will not be departed from, unless it would lead to an absurdity, or unless there is enough in the will to satisfy the mind that it was not the intention of the testator to have it so construed. *Hart* v. *White*, 26 Vt. 260, 268. There is nothing here sufficiently indicative of such an intention, and we hold that the decree below was correct so far as group (3) is concerned.

Somewhat more difficult is the question regarding the children of the cousins in group (2). Here, again, the general rule, if it applies, excludes them. For, if this will is to speak from the death of the testator, the class to which it applies, as we have seen, is to be determined as of that date, and the "shall have died" clause would mean "shall have died between the date of my death and the death of my widow." And it must

be so unless the language used requires a different result in order to effectuate the testator's intention. If he had said "and at her decease it is my will that said residue vest in my cousins who survive my said wife," and had said no more, everything would have been plain enough, and the class would have to be determined as of the date of the wife's death. But the testator added the clause "and if any such cousin shall have deceased," etc. We agree with the appellants that this clause cannot be taken literally. The words "any such cousin," so taken would mean a cousin who survived the wife which would result in an absurdity. But we cannot agree that with the word "such" rejected, the word "any" must be taken to embrace all the cousins the testator ever had. It must be taken to refer to cousins other than those who survived the widow, but to what others is the difficult question. Either it refers to the cousins in group (1), or those in groups (1) and (2); either to those who died after the testator did, or to those who died after the will was made. The case is submitted on an agreed statement of facts. There is nothing shown thereby to aid us in the disposition of the question under discussion. The language used is as consistent with one of the interpretations indicated above as the other. The testator has given us nothing to guide us to a decision. Therefore, there is nothing to do but to apply the general rule. We hold, therefore, that only the cousins in group (1)—those who died after the testator, are covered by the clause referred to, and that the decree below was correct.

*Decree affirmed. Let the result be certified to the probate court.*