## IN RE ESTATE OF LUCY J. C. DANIELS.

(71 A2d 586)

January Term, 1950.

Present: SHERBURNE, C. J., JEFFORDS, CLEARY, ADAMS and BLACKMER, JJ.

Opinion filed February 8, 1950.

*Osmer C. Fitts, Robert T. Gannett, II,* and *Paul N. Olson* for the appellant.

*Anthony F. Schwenk* and *Gibson & Crispe* for the appellee.

CLEARY, J. This is an appeal by John H. Stearns of West Hartford, Connecticut, brought under V. S. 47, § 3086, taken from an order of the probate court for the District of Westminster, dated August 25, 1949, allowing the will and codicils of Lucy J. C. Daniels, late of Grafton, Vermont, and granting Letters Testamentary to Paul H. Ballou of Chester, Vermont, after he had filed the required bond.

In her will dated November 25, 1945, the testatrix named Stearns executor and trustee and, if Stearns accepted the charge, assigned and surrendered to him a savings bank account and deposit book for his own property "which shall be outside his legal fees." Thereafter she executed three codicils. The one in ques-

tion here is dated November 1, 1946, and begins with the following paragraph: "Finding that Vt. law rules that an executor be a resident of the State of testator, or if otherwise the Court appoints a Representative to act for him, on legal advice—it would seem wise to change now when starting on a trip." She then nominated Paul H. Ballou in substitution for Stearns, as Executor, Trustee, and as recipient of the savings account and book. After the death of the testatrix the will and codicils were offered for probate accompanied by Ballou's acceptance of his trust as executor and trustee. Stearns also submitted a petition in which he too accepted the trust and prayed appointment as executor.

The case is here on the exceptions of Stearns, the appellant, to the denial of his petition for appointment as executor, to the order of the probate court dated August 25, 1949, and to the issuance of Letters Testamentary to Paul H. Ballou, the appellee.

The appellant contends that the codicil naming Ballou as executor and trustee is void because of the mistake of law manifested by the testatrix when she wrote "Finding that Vt. law rules that an executor be a resident of the State of testator, or if otherwise the Court appoints a Representative to act for him."

At the time the will and codicil here in question were executed P. L. 2776 was in force. P. L. 2776, now V. S. 47, § 2849, is entitled "Administrator or executor to be resident of state; exceptions: agent" in bold print. It then provides that in all cases where the principal administration is in this state, the probate court shall not appoint an executor who is not domiciled in this state, except in the discretion of such court and in case of the appointment of a non-resident executor or trustee, the person appointed shall forthwith designate, in writing, some person resident in the probate district from which letters testamentary or trusteeship are granted, upon whom service of legal process may be made as agent of such non-resident executor or trustee.

The appellant says that the testatrix made a mistake of law in two respects. The first is the statement "that Vt. law rules that an executor be a resident of the State of testator" and the second "or if otherwise the Court appoints a Representative to act for him." True it is that the first statement as to our law was not exactly correct but it was substantially accurate. A non-resident is not favored to act as executor of a will of a resident of this state. He cannot hold this office as a matter of right as can

a resident of Vermont. He can only be appointed in the discretion of the probate court. From her statement it clearly appears that the testatrix realized there might be some question whether Stearns, a non-resident, would be permitted to act as executor of her will and that she wished to be certain that the person named by her could so act beyond any question. For this reason she named a resident of this state.

Possibly she may have made a mistake in stating that in case of a non-resident executor the "Court appoints a Representative to act for him." The appellant argues that the word "him" refers to "Executor". The probate court found "him" might more reasonably be found to refer to "testator" and under the law an administrator with the will annexed appointed by the court in its discretion in place of the testator's non-resident nominee would be a personal representative of the testator as matter of law. The testatrix correctly stated the law if she was referring to the testator. However that may be, "on legal advice" it seemed wise to her to change her will. A reading of the entire codicil shows that she intended to name as executor of her will a person of her own choice who was a resident of Vermont and therefore beyond any question qualified to act as such executor. So it seems to us, even assuming that she made a mistake regarding the appointment of a representative to act for a foreign executor, that was not such a substantial mistake as to defeat her plain intention to change her executor.

The texts and cases cited by the appellant are not controlling here. Most of them deal with mistakes of fact and revived former wills because of definite evidence of such intent or to prevent intestacy. The only case cited by appellant dealing with a mistake of law is *Strong's Appeal*, 79 Conn 123, 63 A 1089, 6 LRANS 1107, 118 Am St Rep 138. There the testatrix tore her original will and wrote on it that it was superseded by a written one but failed to sign or attest the second will. There the court assumed that testatrix would never have revoked her first will if she had known that the second was bad. Intestacy would, of course, have resulted if the first will had not been allowed. Here there is no question of intestacy and no evidence in the codicil that the testatrix intended to have the appellant act as her executor and trustee. In fact it clearly shows that was not her intention because it states that she substitutes Ballou for Stearns and names the National

Bank of Chester, Vermont as associate or substitute for Ballou if he does not accept the charge.

Previous decisions of this Court establish that a testator in his will appoints his own executor and the probate court has no power of choice, *Watkins Estate* v. *Howard National Bank,* 113 Vt 126, 133, 30 A2d 305; also that unless unfit, the executor has the legal right to administer the estate. *In re Bellows Estate,* 60 Vt 224, 227, 14 A 697.

In construing a will the first and chief object is to ascertain the intention of the testator, from the language used, since, so far as it may be legally carried out, that governs. *Tuttle* v. *Tuttle,* 112 Vt 271, 278, 23 A2d 523, and cases there cited. A codicil inconsistent with prior provisions of a will revokes the prior provisions. *Holley* v. *Larabee,* 28 Vt 274. *In re Peck's Estate,* 101 Vt 502, 506, 144 A 686. *Therefore the decree of the probate court is affirmed and the cause remanded to that court. To be certified.*