In Re Estate of Mable M. Hayward

(91 A2d 559)

May Term, 1952.

Present: Sherburne, C. J., Jeffords, Cleary, Adams and Cushing, JJ.

Opinion Filed October 7, 1952.

*Alfred A. Guarino* for the appellants.

*Hubert S. Pierce* for the appellees.

CLEARY, J. This is an appeal from the decision of the probate court for the district of Randolph interpreting the will of Mabel M. Hayward of Tunbridge in said district. She died May 5, 1951, leaving a will dated January 6, 1950, which was duly proved and allowed by the court. Kate A. Ordway, sister of the testatrix and beneficiary under Article 3 of the will, died intestate on August 17, 1950. The executor named in the will, Harold F. Ordway, petitioned the court for declaratory relief relative to Articles 3 and 10 of the will.

Article 3 of the will is as follows:

"3. To said Harold F. Ordway, in trust:

(a) My home place, formerly the W. T. Noble place, including the land across the First Branch of the White River and south of the bridge and which was deeded to me by my sister, Kate Ordway;

(b) The pasture which is also across the said stream and which includes a gravel bank;

(c) The Reynolds Lot, so called;

(d) The Tannery lot;

(e) Any other real estate, except the Henry Hayward place, I may own at the time of my death and including the Hayward place if said Ordway as an individual does not exercise his option to purchase as provided in Article 2 hereinbefore;

(f) All household furniture and all other tangible personal property in or about the building on any of the land and premises, except the Henry Hayward place, and in the Henry Hayward buildings if not taken over by said Ordway as an individual as above provided.

to be kept, cared for and held IN TRUST for the use and benefit of my sister, Kate A. Ordway, during the remainder of her life.

"I also give to said trustee TWO THOUSAND DOLLARS ($2000.00) to be added to the trust, the income from which shall be used with other income from said trust property to pay taxes, insurance and repairs on the trust property. Any part, or all, of the principal of said TWO THOUSAND DOLLARS may be used by said trustee in his discretion at any time to supplement the income from the trust property.

"I hereby authorize and empower the said trustee in his discretion to sell at public or private sale any of the trust property, except the home place and the tangible personal property therein, and hold the proceeds of the sale in lieu of the property for the benefit of my said sister along with the other cash funds in the trust. If my said sister so requests, the trustee may sell the home place or any of the trust personal property therein in like manner and add the proceeds to the cash funds in the trust.

"At the death of my said sister, Kate, this trust shall terminate and said trustee shall sell any of the property not previously sold and render his final account to the Probate Court.

"I give, devise and bequeath the residue of said trust fund in equal shares to my nephews and nieces who are living at the time of the death of my said sister and to the then living children of any nephews or nieces who have died, the children of a deceased nephew and niece to take the share of their parent."

The will then provides for numerous legacies and finally in

Article 10 gives the remainder of the estate to the brothers and sisters of the testatrix and to the children of two deceased sisters. Some of the residuary legatees are the appellants here.

The probate court decided that the death of Kate A. Ordway prior to the death of the testatrix caused the benefit to Kate A. Ordway under Article 3 of the will to lapse but did not result in a complete lapse of all the provisions of Article 3 of the will; that it accelerated the trust for the benefit of the nieces and nephews living at the time of the death of Kate A. Ordway and the then living children of any nephews and nieces who had died.

The case is here on the appellants' exceptions to that decision of the probate court. They contend that the testatrix wished to prefer her sister Kate A. Ordway over all other persons and intended to prefer her brothers and sisters over her nephews and nieces; that the trust created in Article 3 was a personal trust and should actually take effect upon the death of the testatrix by the survival of her sister Kate in order to be valid; that since the trust can never take effect because of Kate's death prior to that of the testatrix the entire legacy provided for in Article 3 lapsed and the property mentioned in that Article becomes a part of the residue of the estate to be divided under Article 10 of the will.

In construing a will the first and chief object is to ascertain the intention of the testatrix, from the language used, since, so far as it may be legally carried out, that governs. *In re Estate of Daniels,* 116 Vt 190, 193, 71 A2d 586; *Harlacker* v. *Clark,* 115 Vt 261, 263, 56 A2d 468. Force and effect must be given to every part of the will, if possible, since it is not to be presumed that the testatrix used an unnecessary word or one to which no proper force can be given. To determine the intention of the testatrix, the court is to take the instrument by its four corners, consider it in all its parts, and give effect to its language read in the light of the relation of the parties concerned and the circumstances attending its execution. *Re Hall's Will,* 114 Vt 400, 401, 45 A2d 574; *Tuttle* v. *Tuttle,* 112 Vt 271, 278, 23 A2d 523. Effect is to be given to all its provisions, if they can be so reconciled as to make them lawful. *In re Robinson's Will,* 101 Vt 464, 469, 144 A 457, 75 ALR 59.

With these rules of construction in mind it is clear that the testatrix intended to prefer her sister Kate A. Ordway over all other persons, that the trust to be created was a personal one for the use and benefit of Kate during the remainder of Kate's life and that the trust

should terminate at Kate's death. But it is also clear that the testatrix intended that whatever remained of the trust property at Kate's death should be sold and accounted for and that whatever remained of the trust fund should go to the nephews and nieces of the testatrix and not go into the residue of her estate for the benefit of her brothers and sisters.

 It is true as claimed by the appellants that where a legatee predeceases the testatrix, the legacy to the legatee lapses. *Colburn v. Hadley,* 46 Vt 71, 73; *Jones, Admr.* v. *Knappen,* 63 Vt 391, 393, 22 A 630, 14 LRA 293. But where there are other interests limited on that of the deceased legatee and the persons entitled in remainder survive, the death of the life tenant only extinguishes the life estate and the remaindermen are entitled to the immediate right to the gift as soon as the will takes effect. *Yeaton* v. *Roberts,* 28 NH 459, 468; *Brown* v. *Brown,* 43 NH 17, 23; *Morton* v. *Barrett,* 22 Me 257, 39 Am Dec 575, 577; *Nelson* v. *Meade,* 129 Me 61, 149 A 626, 628; *Prescott* v. *Prescott,* 7 Metc 141, 48 Mass 141, 145; *Bates* v. *Dewson,* 128 Mass 334, 335; *Thompson* v. *Thornton,* 197 Mass 273, 275, 83 NE 880; *Lyford Exr.* v. *McFetridge,* 228 Mass 285, 289, 117 NE 589; *Fiske* v. *Fiske's Heirs,* 26 RI 509, 59 A 740, 741; *Frelinghuysen* v. *NY Life Ins. & Trust Co.,* 31 RI 150, 77 A 98, 102; *Healy* v. *Healy,* 70 Conn 467, 471, 39 A 793, 794; *Blakeslee* v. *Pardee,* 76 Conn 263, 56 A 503, 505; *Mowatt* v. *Carow,* NY, 7 Paige Ch 328, 32 Am Dec 641, 644; *Downing* v. *Marshall,* 23 NY 366, 80 Am Dec 290, 293, 294; *In re Fordham's Will,* 235 NY 384, 139 NE 548, 549. See also *Elliott* v. *Brintlinger,* 376 Ill 147, 33 NE2d 199, 133 ALR 1364, and note.

The appellants rely on *French* v. *Heywood,* 214 Mass 582, 102 NE 271. This was a devise of property to a trustee for the sole use and benefit of a married woman, the trustee to allow her to lease and occupy the property, to receive the rental or income thereof, the trustee to mortgage or dispose of the property as she might direct and to allow her to take the proceeds to her own use, to convey the same to her at the death of her husband and, if not conveyed in her lifetime, the trustee to convey it as she by will might appoint. She died before the testatrix and the Court decided her legacy lapsed, that her will could not operate as an exercise of the power given in the devise because she never became the donee of the power. The case is not authority for the one at bar. Here the life beneficiary was given no power of disposal of the trust property. The will provides

that the trust terminate at her death and the will designates to whom the remainder of the trust property shall go. So we follow the rule which prevails in all our neighboring states as shown by the cases cited *supra*.

We hold that under Article 3 of the will in question the legacy to Kate A. Ordway lapsed because of her death prior to that of the testatrix; that the remaindermen mentioned in the last paragraph of Article 3 of the will are entitled to receive the legacy provided for them; that the property and funds mentioned in Article 3 are not a part, residue or remainder of the estate and are not to be divided under Article 10 of the will.

*Decree affirmed and cause remanded. To be certified to the probate court.*