173 A.2d 839 (1961)
In re the ESTATE of William H. VALIQUETTE.
Julia Valiquette Clark, Napoleon J. Valiquette, Appellants.
No. 1012-B.
Supreme Court of Vermont. Rutland.
July 12, 1961.
Motion to Clarify Denied September 5, 1961.
*840 Edwin W. Lawrence, Rutland, and Colton & Pinkham, New York City, for appellant.
O'Neill, Delany & Valente, Rutland; Edmunds, Austin & Wick, Burlington; Webber, Costello & French, Charles J. Marro, Rutland; Frank L. Bunting, Brandon, for appellees.
Before HULBURD, C. J., and HOLDEN, SHANGRAW, BARNEY and SMITH, JJ.
HOLDEN, Justice.
In addition to the problem of administering the allocation of stock dividends presented in the case of In re Estate of Valiquette, Vt., 173 A.2d 832, a further question arises concerning the distribution of the corpus of the trust. The trustee's petition for declaratory relief seeks a construction of the will to ascertain the remaindermen designated to receive distribution of the residuary estate at the expiration of the interest of the life beneficiary, Marie Olivette Ditmars.
The trust is measured on her life. She was a niece of the testator and died without issue on March 17, 1959. By subsection 2 of its ninth paragraph, the will directs the trustee "* * * upon her death to pay and transfer the principal * * * *841 to the issue of my said niece then living, the issue of any child of hers who may have died leaving issue to take the share which his, her or their parent would have taken if such parent were then alive.
"In the event of the death of my niece, Marie, during the lifetime of her mother, or in the event of my said niece dying without leaving issue her surviving, I give, devise and bequeath the share last mentioned to such of my heirs at law and next of kin as may be living at the expiration of the trust hereby created, and to the issue of such of my heirs at law and next of kin as shall have died leaving issue, to be divided and distributed among them according to stock in like manner as directed with respect to the remainder in the share of my residuary estate heretofore given in trust for the benefit of my sister Mary and my brother George."
The "manner directed" for the share of the testator's sister Mary and his brother George is set forth in a preceding first subsection of the will:
"In the event of the death of my brother George J. Valiquette during the lifetime of my sister Mary E. Valiquette, or in the event of his dying without having exercised the power of appointment hereby given him, I give, devise and bequeath said share to such of my heirs at law and next of kin as may be living at the expiration of the trust hereby created, and to the issue of such of my heirs at law and next of kin as shall have died leaving issue, to be divided and distributed among them according to the stock in like manner as if I had then died intestate owning the property belonging to said share and leaving me surviving the above designated remaindermen as my only heirs at law and next of kin."
The probate court for the district of Rutland by declaratory judgment determined that the next of kin of William H. Valiquette at the time of the death of Marie Olivette Ditmars to be first cousins of the testator. It found the persons entitled to the residue of the trust fund as remaindermen are the living first cousins of William H. Valiquette and the issue of deceased first cousins of the testator, per stirpes.
Two of three surviving first cousins, Julia Valiquette Clark and Napoleon J. Valiquette, appeal. It is their contention that the will provides two irreconcilable directives. Their argument is that the first provision bequeaths the residue to the issue of deceased next of kin, per stirpes, while the reference to the preceding section and the manner prescribed for the disposition of the trust for the benefit of the testator's sister Mary and brother George assign the remainder for distribution per capita according to the statute of descent and distribution.
14 V.S.A. § 551 provides:
"(4) If a decedent does not leave issue, nor surviving spouse, nor father, nor mother, the estate shall descend in equal shares to the brothers and sisters of such decedent, and to legal representatives of deceased brothers and sisters;
"(5) If none of the kindred above named survives the decedent, the estate shall descend in equal shares to the next of kin in equal degree, but a person shall not be entitled, by right of representation, to the share of such next of kin who has died."
Under this provision, children of deceased first cousins are precluded from sharing with surviving first cousins in an intestate estate.
The essence of the appellants' contention is that the use of the words, "as if I had then died intestate", incorporates canon five into the will, by reference. And since a per capita distribution to first cousins is provided by the statute, there is an irreconcilable conflict with the stirpital provisions, first stated in Paragraph Nine. The appellants declare that this repugnancy must be resolved by the application of two principles of construction
*842 First, it is said that since it is impossible to find the testator's true intent, the expression last stated must prevail, in accord with Cheney's Ex'r v. Stafford, 76 Vt. 16, 17, 19, 56 A. 88. But this is a rule of last resort. It is applied only in cases of absolute repugnancy, where the intent first expressed is destroyed and revoked by some later expression so that the two provisions cannot stand together. It is invoked only when all efforts to reconcile have failed. Hibbard v. Hurlburt, 10 Vt. 173, 177; Fruh v. Fruh, 316 Mass. 590, 55 N.E.2d 790, 791; 95 C.J.S. Wills § 621, p. 870; 57 Am.Jur. Wills, § 1128, p. 721. It is more aptly and realistically applied to codicils, where sufficient time intervenes to permit a change of intentions. See, In re Estate of Daniels, 116 Vt. 190, 193, 71 A.2d 586; In re Peck's Estate, 101 Vt. 502, 506, 144 A. 686. Application has been denied where the apparent inconsistency existed within the same provision of the will. See, In Creighton's Estate, 91 Neb. 654, 136 N.W. 1001, 1005; 57 Am.Jur. Wills, § 1128, p. 723. And where the language used is obviously contradictory and inconsistent, that provision should prevail which most nearly accords with the intention of the testator as gathered from other provisions in the instrument. Board of Directors of City Trusts v. Maloney, 78 U.S.App.D.C. 371, 141 F.2d 275, 277, certiorari denied 323 U.S. 714, 65 S.Ct. 40, 89 L.Ed. 574; 95 C.J.S. Wills § 621, p. 866
Secondly, the appellants urge that the law favors a construction which will conform to the general law of inheritance, and since the statute requires a per capita distribution among the kindred concerned, the will should be construed accordingly.
This rule is somewhat at odds with the presumption that a testator did not intend to die intestate. In re Peck's Estate, supra, 101 Vt. at page 507, 144 A. 686. In the facts of this case, it is resisted by the general rule that a devise or bequest to "heirs at law" or "next of kin" will be construed to accomplish a stirpital distribution where possible. Mooney v. Tolles, 111 Conn. 1, 149 A. 515, 520, 70 A.L.R. 608; 57 Am.Jur. Wills, § 1292, p. 855; 96 C.J.S. Wills § 711, p. 85.
These, like other canons of construction, are subservient to the master guide for construction of wills,  the intention of the testator. The primary duty of the courts is to search out the testator's true intent from the language he has employed and give it effect insofar as this can be done legally. In re Estate of Daniels, supra, 116 Vt. at page 193, 71 A.2d 586; Tuttle v. Tuttle, 112 Vt. 271, 278, 13 A.2d 523; In re Beach's Estate, 103 Vt. 70, 76, 151 A. 654; Crossman v. Crossman's Estate, 100 Vt. 407, 411, 138 A. 730. Force and effect must be given to every word written in the instrument if reasonably possible. If varying provisions can be reconciled, rather than declared repugnant, contradiction must yield to concordance. Tuttle v. Tuttle, supra, 112 Vt. at page 278, 13 A.2d 523; Ripley, Admr. v. Benjamin, Admr., 111 Vt. 76, 79, 10 A.2d 205; McCloskey v. Gleason, Admr., 56 Vt. 264, 267, 48 Am.Rep. 770; 95 C.J.S. Wills § 621, p. 866.
We must take the expression, "as if I had then died intestate * * *", with reference to the language which precedes it, the situation which confronted the testator, and the testamentary plan which he sought to accomplish. In re Houghton's Estate, 118 Vt. 228, 232, 105 A.2d 257; In re Estate of Simanton, 118 Vt. 202, 204, 104 A.2d 918; Holmes v. Holmes, Admr., 36 Vt. 525, 529.
A will ordinarily speaks as of the time of the testator's death. When the bequest is to members of a class, the beneficiaries are to be determined as of the date of the testator's death, unless a contrary intent is manifest by the language of the instrument. In re Walbridge's Will, 102 Vt. 429, 431, 150 A. 126. Here the will plainly tells us that it was the testator's design *843 that the contingent remaindermen should not be ascertained unless and until the contingency occurred upon which their bequest depended, that is, the death of the life beneficiary without issue. Particular provision was required to postpone the identification of the remaindermen until the expiration of the trust. Thus he bequeathed this share "to such of my heirs at law and next of kin as may be living at the expiration of the trust * * * and to the issue of such of my heirs at law and next of kin as shall have died leaving issue, to be divided and distributed to them according to stock * * * in like manner as if I had then died intestate owning the property belonging to said share." (Emphasis supplied.)
We conclude that the testator introduced the supposition of intestacy in the event of the death of the life beneficiary, without issue, solely for the purpose of identifying his next of kin as of the date of the happening of that particular contingency. The latter provision was for the purpose of designating the persons who would then be the testator's nearest blood relatives, and their representatives.
The dominant intention of the testator resides in the qualification of the bequest to his heirs at law and next of kin living at the expiration of the trust. The bounty was not limited to survivors alone. On the contrary, the gift is "to the issue of such * * * as shall have died leaving issue, to be divided and distributed among them according to stock * * *." A distribution per stirpes is clear and unequivocal. The subsequent reference to intestacy contains no direction to distribute per capita, and there is no instruction that the statute of distribution is to apply. The probate court could not properly infer such an intent when a contrary purpose was just previously expressed. This aspect of the judgment was without error.
The distribution provided in the declaratory judgment of the probate court is affirmed.