## In re Estate of Emma A. Pomainville

[536 A.2d 540]

No. 86-328

Present: **Allen, C.J., Peck, Dooley and Mahady, JJ.**

Opinion Filed October 16, 1987

*Keyser, Crowley, Banse & Facey*, Rutland, for Appellant.

*Ryan Smith & Carbine, Ltd.*, Rutland, for Appellee.

**Mahady, J.** The will of the testatrix provided for a bequest to two of her daughters of her "clothing, jewelry, personal effects, silverware, chinaware and similar items of tangible personal property located in [her] home." The executor's proposed final decree of distribution included the household furnishings located in the home under this provision. The appellant, a residual beneficiary, objected, claiming that the household furnishings should not be included under that provision but should pass under the residuary clause.

The probate court approved the executor's proposed final decree. The appellant appealed to the superior court, which upheld the probate court's decision. We, in turn, affirm.

"In construing a will the first and chief object is to ascertain the intention of the testator from the language used, since, so far as it may be legally carried out, that governs." *Estate of Barslow*, 128 Vt. 192, 196, 260 A.2d 374, 377 (1969). Here, it is clear from the instrument that the testatrix intended the legacy in question to include items other than clothing, jewelry, personal effects, silverware and chinaware. Otherwise, the provision for "similar items of tangible personal property" would be mere surplusage. "Force and effect must be given to every part of the will, if possible . . . ." *In re Miner Estate*, 129 Vt. 484, 487, 282 A.2d 827, 828 (1971).

Applying these principles, the superior court correctly concluded that "the items specifically listed . . . include items of the type that turn a house into a home. They include personal effects, chinaware and silverware, in other words, the everyday items that personalized the decedent's home." Clearly, household furnishings have a similar function and nature.

This approach also gives effect, as required, to the testamentary plan which the testatrix sought to accomplish. See *In re Estate of Valiquette*, 122 Vt. 350, 365, 173 A.2d 839, 842 (1961). It is apparent that the testatrix intended to leave the personal items of such a similar function and nature which were in her home to the two specified legatees. The result is a natural and reasonable disposition.

*Affirmed. Cause remanded to the Probate Court for the District of Rutland.*