CONFORMED COPY
RUTLAND SUPERIOR COURT

MAY 19 2008

**STATE OF VERMONT**
**RUTLAND COUNTY**

**In re:** )
**Estate of Robert E. Howard** )
)
)
)

**Rutland Superior Court**
**Docket No. 295-4-07 Rdcv**

## PROBATE COURT APPEAL

This is an appeal from a ruling of the Rutland District Probate Court regarding the membership of a class of grandchildren entitled to share in a residuary trust created by the decedent's will. Appellant is the minor child Jordyn Howard, grandchild of the decedent. She is represented by Attorney Margaret K. Flory.

Based on the credible evidence admitted at the hearing on March 31, 2008, the court makes the following Findings of Fact.

### Findings of Fact

Robert E. Howard and his wife raised six children in Castleton, Vermont, where they also operated a garage and mobile home park. They taught their children to value work and always treated all of them equally and fairly. They had grown up in the depression, and did not want their children or grandchildren to experience need the way they had. Family life was very strong, and family ties grew stronger as their children had their own children, and grandchildren were added to the family group.

Robert E. Howard and his wife had frequent contact and excellent relationships with all their grandchildren, including two whom their son adopted when he married their mother. Upon this son's divorce, these two grandchildren lived with their mother, who discouraged contact. The Howards made sustained efforts to continue their relationships with these children. When these grandchildren did not contact them, they mourned the loss of their relationships with them.

In 1995, Mr. Howard's wife died. Thereafter he continued to maintain strong relationships with his children, and very strong relationships with the grandchildren, who were increasing in number. He always treated them all equally and fairly.

In 1998, Mr. Howard executed a will. It is not known who the attorney is who prepared the will for him. At the time he executed his will, in September of 1998, all six of his children were living, and he had seven living grandchildren. All were identified by name in the will, including the two with whom he no longer had contact, who were specifically disinherited. At the time of executing his will, Mr. Howard knew that his own children were not finished with having and adopting children, and he promoted and rejoiced in the new grandchildren who continued to join the family.

His will contained the following pertinent provisions:

Article Second:

**SECOND**: My wife is deceased. I have six children and five grandchildren now living, whom I wish to remember in this will, namely:

| CHILDREN | GRANDCHILDREN |
|---|---|
| Deborah A. Ellis | Ashley Ellis |
| Robert S. Howard | Joshua Ellis |
| Joseph W. Howard | Nicholas Croff |
| Teresa L. Croff | Jeri Ann Howard |
| Stephen R. Howard | Jena Howard |
| Tammy M. Euber | |

I expressly make no provision for my grandchildren Kendra Howard and Ronald Howard.

I intend to provide for all my other natural and adopted grandchildren whether now living or born, or adopted, after the date of this will.

Article Seventh:

**SEVENTH:** All the residue of my estate, wherever situation, including lapsed legacies and any property over which I may have power of appointment at my death, I divide into a seventy-five (75%) percent share and a twenty-five (25%) percent share. I give the seventy-five (75%) percent share in equal shares to my six children. . . .I give the twenty-five (25%) percent share in equal shares to such of my grandchildren, as defined in Article SECOND, as shall be living at the time of my death, per capita and not per stirpes, in trust as provided below. I make no provision for Kendra Howard and Ronald Howard.

. . .

The twenty-five (25%) share distributable to my grandchildren (except Kendra Howard and Ronald Howard) in trust shall be in cash or other liquid assets such as stocks, bonds, certificates of deposit, etc. The Trustee shall divide the twenty-five (25%) percent share equally among my then living grandchildren and shall hold each equal share in trust for the benefit of the grandchild until the grandchild reaches the age of 30.
. . .

After Mr. Howard executed his will, and while he was living, two more grandchildren were born, Riley and Ben.

On September 21, 2000, Mr. Howard died suddenly and unexpectedly. At the time of his death, he knew that the wife of his son Stephen was pregnant with another child. He also knew

2

that his son Joseph and his wife Tammy, who had one child, were planning on having more children. He had also discussed with his daughter Teresa the possibility that she would adopt a second child. The evidence is overwhelming that if he had had the chance to do so, he would have treated any additional grandchildren with love and generosity and fairness in the same manner that he treated the ones he knew.

At the time of Mr. Howard's death, there were seven grandchildren clearly in the class of grandchildren to share in the twenty-five (25%) percent residual share of his estate. There were also the two who were disinherited.

After Mr. Howard died, two more grandchildren were born: Amy was born to Stephen, and Jordyn was born to Joseph.

In an Order dated March 16, 2007, the Honorable Kevin P. Candon, Judge of the Rutland Probate Court, issued the following Order: "It is hereby ordered and adjudged and decreed, as follows: 1. That the class of grandchildren entitled to share in the so called Grandchild Trust closed upon the death of Robert E. Howard."

### Analysis

The issue to be resolved by the Court is whether the class of grandchildren entitled to share in the Grandchild Trust closed upon Mr. Howard's death, thus precluding Jordyn and any other after-born grandchildren from being included in the class and benefiting from the Grandchild Trust. Under Vermont law the "primary duty of the courts is to search out the testator's true intent", and where the language is plain and unambiguous "[f]orce and effect must be given to every word written in the instrument if reasonably possible. *Valiquette's Estate*, 122 Vt. 350, 364-65 (1961); see also *Estate of Edward Keyes Davis*, 126 Vt. 19, 22 (1966) (the "cardinal rule of interpreting wills…is that from the language used that the meaning intended by the testator is to be ascertained and given effect, in so far as legally possible"); *Estate of Pomainville*, 148 Vt. 526, 527-28 (1987) (same).

In this case, the language of the will defined the class of beneficiaries as the grandchildren listed in paragraph two of the will, and also provided that the trust shares were to be distributed upon Mr. Howard's death "equally among my then living grandchildren." This language unambiguously established the testator's intent to define the class of beneficiaries as those grandchildren alive at the time of Mr. Howard's demise.

Moreover, the Vermont Supreme Court has also concluded that absent a contrary intent expressed in the will, "the members of the class are to be determined as of the date of the testator's death." *In re Walbridge's Will*, 102 Vt. 429, 431 (1930). The rationale behind such a rule is that "a will is ordinarily to be given effect as if it were executed immediately before the testator's demise." *Id.*; see also *Valiquette's Estate*, 122 Vt. at 365.

Mr. Howard's family has presented persuasive evidence that Mr. Howard maintained strong relationships with his grandchildren, that he treated them equally and fairly, and that if he

3

had the chance to do so, he would have treated additional grandchildren with love, generosity and fairness. However, when interpreting a will, courts are obliged to determine the testator's intent from the language of the will itself, rather than the extrinsic evidence. See *Estate of Davis*, 126 Vt. at 22 ("where the terms of a writing, whatever its character, are plain and unambiguous there is no room for construction and it is to be given effect according to its own language"). In this case, the probate court properly held that the language in Mr. Howard's will indicated an intent that the class of beneficiaries entitled to share in the Grandchild Trust closed upon his death. The result is that only those grandchildren specifically listed in the will as members of the class and others who were living at the time of the testator's death can be included in the class of beneficiaries.

## ORDER

For the foregoing reasons, the Order of the Probate Court, dated March 16, 2007, is *affirmed*.

IT IS HEREBY ORDERED AND ADJUDGED AND DECREED that the class of grandchildren entitled to share in the so called Grandchild Trust closed upon the death of Robert E. Howard.

Dated at Rutland, Vermont this 19th day of May, 2008

Hon. Mary Miles Teachout
Presiding Judge

4