HENRY L. GREENE vs. MARY L. WILBUR et als.

15  251
25  215

Realty was devised to a trustee in fee to pay over the income to certain named *cestuis*, no time being limited during which payment was to continue. Provision was made by the will as to one of the *cestuis*, that in case of his insolvency, or of an attachment of his equitable estate, his right to income should terminate, and his share be paid by the trustee to A., B., and C., their heirs and assigns; also, that the trustee might in certain contingencies pay over to the *cestui* his whole interest in the trust property, " in fee simple for his own use," free from all trusts.

*Held,* that the *cestuis que trustent* took each an equitable estate in fee simple.

BILL IN EQUITY for instructions.

*February* 6, 1886. MATTESON, J. This is a bill for instructions. The complainant is trustee, appointed by decrees of this court, under the wills of Oliver C. Wilbur and Lucy A. Wilbur, his wife, both of which bear date June 25, 1878. As such trustee, he has propounded to us certain questions involving the construction to be given to said wills.

The portions of the will of Lucy A. Wilbur material to be considered are as follows, viz. : —

" I give and devise unto Oliver C. Wilbur, my husband, his heirs, executors, administrators, and assigns, all my right, title, and interest in [*follows a description of the property*], in trust. For the said trustee, and other the trustee or trustees for any time being, to take possession and charge of all said trust property and estate, and to receive and collect all the income of said trust property and estate, and, after paying therefrom all sums necessary for taxes and other expenses, and all such other sums as may be required for the proper care and management of said trust property and estate, and for the execution of the trusts hereby created, including a reasonable compensation for services as trustee, to pay over the residue of said income, as and when received, in the following manner, viz. : to Marcy G. Greene, wife of Henry Greene, one fourth part; to Geo. A. Wilbur, son of Oliver C. Wilbur, Jr., dec'd, and William A. Wilbur, son of Oliver C. Wilbur, Jr., dec'd, one fourth part; to Richard H. Whittier, son of Lucy A. Whittier, dec'd, one fourth part ; to Geo. G. Wilbur, one fourth part. Provided, nevertheless, that if at any time the said Geo. G. Wilbur shall alien, incumber, or

anticipate the said income or any part thereof, or if, by reason of his insolvency or bankruptcy, or by any attachment or other proceeding by creditors, or other cause whatever, said income or any part thereof shall, or but for this present proviso would, become vested in or payable and pass to or for the benefit of any other person other than the said Geo. G. Wilbur, then the said Geo. G. Wilbur's right to and interest in said income, or so much thereof as shall, or but for this present proviso would, so become vested in or payable to and pass to or for the benefit of any other person, shall thereupon forthwith cease and determine; and thereafter, during the remainder of the life of the said Geo. G. Wilbur, the said income, or so much thereof as shall have or become so forfeited or lost by the said Geo. G. Wilbur, shall by the said trustee be paid to, and shall be received by, the children of Marcy G. Greene, wife of Henry L. Greene, and to the children of Oliver C. Wilbur, Jr., dec'd, and to the child of Lucy A. Whittier, dec'd, to be divided equally among them, their heirs and assigns. Provided, nevertheless, that it shall be lawful for the said trustee or trustees hereunder, for any time being, at any time, or from time to time, during the life of the said Geo. G. Wilbur, and before the forfeiture or loss by him of said income or any part thereof as aforesaid, and after any such forfeiture or loss, upon his obtaining by law or otherwise a full release and discharge from all his existing debts and liabilities for the then time being, upon his request in writing, to convey, transfer, and deliver to the said Geo. G. Wilbur his whole interest in said trust property in fee simple for his own use, free and discharged of all trusts.

"I hereby appoint Marcy G. Greene, wife of Henry L. Greene, my residuary legatee, to whom I give and devise all the rest and residue of my estate, real and personal, of whatever nature and wherever the same may be found, after paying all of my just debts and all the expenses in the settlement of my estate, and meeting all the provisions herein contained, to her and to her heirs and assigns."

The portions of the will of Oliver C. Wilbur material to be considered are as follows, viz. : —

" I give, devise, and bequeath unto         his heirs, executors, administrators, and assigns, all my interest in [*follows a descrip-*

*tion of the property*], in trust. For the said trustee, and other the trustee or trustees hereunder for the time being, to take possession and charge of all said trust property and estate, and to receive and collect all the income of said trust property and estate, and, after paying therefrom all sums as may be required for taxes and other expenses, and all such other sums as may be required for the proper care and management of said trust property and estate, and for the execution of the trusts hereby created, including a reasonable compensation for services as trustee, to pay over the residue of said income, as and when received, in four equal parts, to George G. Wilbur one fourth part; to Marcy G. Greene, wife of Henry L. Greene, one fourth part; to Oliver C. Wilbur, Jr., dec., heirs, one fourth part; and to Lucy A. Whittier, dec., heir, one fourth, to them, their heirs, executors, and assigns. Provided, nevertheless, that if at any time the said George G. Wilbur shall alien, incumber, or anticipate the said income or any part thereof of his portion, or by reason of his insolvency or bankruptcy, or by any attachment or other proceeding by creditors, or other cause whatever said income, or any part thereof of his interest shall, or but for this present proviso would, become vested in or payable and pass to or for the benefit of any other person other than the said George G. Wilbur, then the said George G. Wilbur's right to and interest in said income, or so much thereof as shall, or but for this present proviso would, so become vested in or payable or pass to or for the benefit of any other person, shall thereupon forthwith cease and determine, and so much thereof as shall have become so forfeited be received by the children of Marcy G. Greene, wife of Henry L. Greene, and the children of Oliver C. Wilbur, Jr., dec., and the child of Lucy A. Whittier, dec., to them equally and their heirs and assigns. Provided, nevertheless, that it shall be lawful for the said trustee or trustees hereunder for time being, at any time, or from time to time, and before the forfeiture or loss by the said George G. Wilbur of said income, or any part thereof, as aforesaid, or after the such forfeiture or loss, upon the said George G. Wilbur obtaining by law or otherwise a full release and discharge from all his existing debts and liabilities for the then time being, upon his request in writing to convey, transfer, and deliver to the said

George G. Wilbur his interest in the above said income for his own use, free and discharged from all trusts to his heirs and assigns. . . .

" I hereby appoint Lucy A. Wilbur, my wife, residue legatee, to whom I give and devise all the rest of my estate."

The bill shows that Lucy A. Wilbur, the testatrix, died October 16, 1878; that Marcy G. Greene, wife of the complainant, and one of the *cestuis que trustent* in both of said wills, and also named as residuary legatee in the will of Lucy A. Wilbur, died July 23, 1881, leaving four children, viz., the respondents, Susan A. Greene, Lucy A. Jackson, wife of Benjamin A. Jackson, Caroline C. Greene, and Francis W. Greene ; that Oliver C. Wilbur, the testator, died February 7, 1882 ; that George G. Wilbur, another of the *cestuis que trustent* named in said wills, died February 10, 1882, intestate, without issue, and without having incurred or suffered any foreiture of the benefits of the provisions of said will, and that his heirs at law were the children of Marcy G. Greene, named above, Richard H. Whittier, the son of Lucy A. Whittier, and the sons of Oliver C. Wilbur, Jun., deceased, viz., George A. Wilbur and William A. Wilbur; that said William A. Wilbur died May 8, 1885, leaving a will which has been duly admitted to probate, wherein he devises and bequeaths all his estate, of every kind and nature, absolutely and in fee simple, to his mother, Mary L. Wilbur, also a respondent in this suit.

The complainant asks the instruction of the court upon the following questions, viz. : —

*First.* What kind of an estate did the *cestuis que trustent* take under the wills of said Lucy A. Wilbur and Oliver C. Wilbur?

*Second.* What estate in the real property described belongs to Marcy G. Greene, her heirs and assigns, as residuary legatee under the will of the said Lucy A. Wilbur ?

*Third.* What estate in the real property described belongs to said Lucy A. Wilbur, or her heirs at law, or devisees, by virtue of her husband's devise to her as residuary legatee in his said will ?

*Fourth.* Did said George G. Wilbur take any estate under either of said wills different from the other *cestuis que trustent*, and, if so, what was the kind of estate ?

*Fifth.* Did said William A. Wilbur take any estate under either of the said wills, or as heir at law of his uncle, George G.

Wilbur, under said wills, that he could devise to his mother, said Mary L. Wilbur?

*Sixth.* When does the complainant's office of trustee terminate under said wills?

The complainant is in doubt whether the *cestuis que trustent* in said wills took equitable estates for life or in fee. The doubt arises because the gifts to them are of income only, and, in the will of Lucy A. Wilbur, without words of inheritance.

We do not think the fact that the gift is of income only significant in determining the question whether the *cestuis* took estates in fee or for life merely. The legal estate in the property devised is given to a trustee, on whom is devolved the care and management of the property, and who is charged with the collection of the income. The equitable estate, or beneficial interest, in the property, which is the subject·of the gift to the beneficiary, consists solely in the right to receive the income. This equitable estate or beneficial interest is, therefore, appropriately created by a mere direction to the trustee to pay over the income to the *cestui.* It has repeatedly been held that a devise of the income, or, what is equivalent, of the rents and profits or use and occupancy of land, is, in legal effect, a devise of the land itself. *Sammis* v. *Sammis,* 14 R. I. 123, 128, and cases cited; *Anderson* v. *Greble,* 1 Ashmead, 136, 138; *Reed* v. *Reed,* 9 Mass. 372, 374; *Blanchard* v. *Brooks,* 12 Pick. 47, 63; *Blanchard* v. *Blanchard,* 1 Allen, 223, 225; *Fox* v. *Phelps,* 17 Wend. 393, 402; *Diament* v. *Love,* 31 N. J. Law, 220, 222; *McClure* v. *Melendy,* 44 N. H. 469, 471; *Wood* v. *Griffin,* 46 N. H. 230, 232. If such a devise is sufficient to pass the land itself, *a fortiori* will it pass a mere equitable interest in land? Whether or not under such a devise the estate is for life, or in fee, must be determined by the limitations expressed in the devise, or the intention of the testator to be gathered from the will.

In the wills under consideration it is to be noted that no period is limited in the trusts created during which the trustee is to pay over the income to the beneficiaries, but such payment is to continue indefinitely.

The will of Oliver C. Wilbur expressly limits the payments of the income in the proportions specified to the *cestuis,* " to them, their *heirs,* executors, and assigns." The proviso in this will for a

forfeiture by George G. Wilbur of his share upon the happening of the contingencies therein expressed, limits his share over to the other beneficiaries named, " to them equally and their *heirs* and assigns." Again, the proviso to the proviso last mentioned authorizes the trustee, upon the existence of the conditions set forth in it, and upon the request in writing of said George G. Wilbur, to *convey, transfer, and deliver* to him his interest in said income for his own use, free and discharged from all trusts, to his *heirs* and assigns. This use of the word *heirs* by Oliver C. Wilbur, in the connections pointed out, would seem to indicate with sufficient clearness an intention that the beneficiaries under the trust in his will should take estates in fee.

In the will of Lucy A. Wilbur, though the gifts to the *cestuis* are unaccompanied by words of inheritance, the legal estate is given to the trustee in *fee*, and he is directed to pay over the income to the beneficiaries, without limitation as to the time such payment is to continue. In *Moore* v. *Cleghorn*, 10 Beav. 423, 425, 426, the devise was to trustees in fee, upon trust for the use and benefit of the testator's three natural sons, the rents, issues, and profits to be paid for their maintenance and education, or to the survivor or survivors of them, share and share alike ; and it was held that the sons took equitable estates in fee, as joint tenants. In *Newland* v. *Shephard*, 2 P. Wms. 193, 194, the testator devised the residue of his real and personal estate to trustees in fee, to pay and apply the produce and interest thereof for the maintenance and benefit of his grandchildren until they should come to the age of twenty-one or be married; and it was held that the absolute right and property of the real and personal estate passed to the grandchildren upon attaining the age of twenty-one years. In *Earle* v. *Grim*, 1 Johns. Ch. 494, 499, Chancellor Kent says of *Newland* v. *Shephard* : " This case has been questioned, and perhaps very justly, for there was an express limitation of the period of payment of interest to the minority of the children; but in a case in which there is no such limitation, I apprehend the decision would be deemed correct." And when lands are devised in fee in trust for another, without words of inheritance, the *cestuis que trustent* will take an equitable estate in fee. *Challenger* v. *Sheppard*, 8 Term Rep. 597 ; *Knight* v. *Selby*, 3 M. & G. 92, 98, 99 ; *Smith* v. *Smith*, 11 C. B. N. S. 121.

But, independently of these authorities, we think that it is sufficiently evident that the testatrix intended that the *cestuis* should take estates in fee. The proviso in relation to the forfeiture by George G. Wilbur of his share upon the happening of the contingencies set forth, as in the corresponding proviso in the will of her husband, limits the share of the said George upon such forfeiture to the other beneficiaries, to be divided equally among them, their *heirs* and assigns. And, again, the proviso to this proviso authorizes the trustee, upon the existence of the conditions set forth, and upon the request in writing of said George, to convey, transfer, and deliver to him his whole interest in said trust property, *in fee simple*, for his own use, free and discharged of all trusts. The gift to George G. Wilbur is in the same form as the gifts to the other *cestuis*. If it had not been the intention of the testatrix that he should take a fee under the gift to him, why should the limitation over, in the first proviso in case of his forfeiture of his share, have been of such share in fee, and why should the trustee have been authorized in the second proviso to convey, transfer, and deliver to him his whole interest in the trust estate in fee? If it was her intention that he should take his share in fee, it is not unreasonable to infer a like intention as to the other *cestuis*, the language of the gifts to them being identical with that of the gift to him.

We therefore answer to the questions propounded, —

*First.* That the *cestuis que trustent* under the said wills took equitable estates in fee.

*Second.* That no estate in the real property described belongs to Marcy G. Greene, her heirs and assigns, as residuary legatee under the will of Lucy A. Wilbur.

*Third.* That no estate in the real property described belongs to said Lucy A. Wilbur, or her heirs at law, or devisees, by virtue of her husband's devise to her as residuary legatee in his said will.

*Fourth.* That said George G. Wilbur took under said wills the same, and no different estate, from that taken by the other *cestuis que trustent.*

*Fifth.* That said William A. Wilbur took, under each of said wills, an equitable estate in fee in one eighth of the trust estate,

and as heir at law of the said George G. Wilbur, an equitable estate in fee, under each of said wills, in one twenty-fourth of said trust estate, and that he could devise his said equitable interests in said trust estates to his mother, the said Mary L. Wilbur.

*Sixth.* That, no period being fixed by said wills for the termination of the trusts created, the complainant's office of trustee will continue until said trusts shall be determined by the parties interested therein, they being competent to act, or by the court, upon a proper proceeding for that purpose, or until he shall be removed or discharged from said trusts, and a new trustee appointed in his stead.                          *Decree accordingly.*

*Dexter B. Potter*, for complainant.

*Ziba O. Slocum, Clarke H. Johnson*, and *Stephen A. Cooke, Jun.*, for different respondents.