Adeline L. Thomas *vs.* Rhode Island Hospital Trust Co.

DECEMBER 13, 1929.

Present: Stearns, C. J., Rathbun, Sweeney, Barrows, and Murdock, JJ.

RATHBUN, J. This is a bill in equity commenced in the Superior Court for the termination of a trust. As the question presented involved the construction of a will, the cause, being ready for hearing for final decree, was certified to this court for determination as provided by Sec. 35, Chap. 339, G. L. 1923.

The facts are undisputed. William H. Williams, late of Providence, deceased August 15, 1886, leaving a will which was executed, August 21, 1875, and duly probated by the Municipal Court of the City of Providence. At the time of his death he was possessed of two parcels of real estate, both of which are mentioned in his will, and of a considerable amount of money and other personal property.

The testator was survived by his widow, Abby Williams, and by his two children, Sarah Elizabeth Peck, who subsequently married one Jeremiah Bowlin, and Adeline L. Brown, the complainant in this cause, who subsequently married Samuel W. Thomas.

The widow declined to accept the office of executrix under the will and, on October 15, 1886, the respondent was appointed administrator with the will annexed and duly qualified as such. Respondent took possession of all the personal estate of the testator and retained possession of the

same as administrator until October 21, 1922, at which time the respondent was appointed trustee of the same estate.

The will gives to the widow a life estate in both parcels of real estate and in all of the personal estate; after the death of the widow an equitable estate for life in one parcel of real estate and in one half of the personal estate to the testator's daughter Sarah and an equitable estate for life in the other parcel of real estate and the other one half of the estate to his daughter Adeline; and the will provides that upon the death of either daughter the survivor shall take an equitable estate for life in the real and personal estate held in trust for her sister at the time of her death. The will gives an absolute estate in remainder in both the real and personal estate to Martha Jane Blake, a stranger in blood, on condition that she survives the widow, the two daughters and the children of said daughters.

The widow deceased July 31, 1893, Martha Jane Blake deceased December 16, 1904 and testator's daughter Sarah deceased February 26, 1917 without having had issue.

The complainant's sister having deceased, the complainant is the owner of an equitable life estate in the entire real and personal estate. Martha Jane Blake, the person to whom the remainder was conditionally given, deceased before the conditions attached to her taking were fulfilled; that is, she did not survive the widow, the two daughters and the children of said daughters. The complainant contends that said remainder descended to her as heir-at-law; that she therefore owns an equitable life estate and the legal remainder in fee: that a continuation of the trust serves no purpose and that the trust should be terminated.

The complainant requested the respondent, to terminate the trust, pay over and convey to her all of the trust property and estate discharged from the trust but the respondent refused on the ground that it was not a safe procedure to comply with the request without the order and direction of this court.

In 1908, after the death of Martha Jane Blake, but before the death of Sarah E. Bowlin, Sarah E. Bowlin and this complainant brought a bill in equity in the Superior Court against the respondent for a termination of this trust. The cause was certified to this court as a bill for the construction of a will, and, by direction of this court, the bill was dismissed without prejudice. See *Bowlin* v. *R. I. Hos. Tr. Co.*, 31 R. I. 289.

At that time it appeared that Sarah owned an equitable life estate in one parcel of real estate and in one half of the personal estate, and Adeline owned an estate of the same kind in another parcel of real estate and in the other half of the personal estate.

The will provides that on the death of either daughter the survivor shall take an equitable estate for life in the real estate and one half of the personal estate enjoyed by the deceased sister at the time of her death. It appeared from the will that it was the testator's intention that the surviving daughter should, after the death of the other daughter, have an equitable estate for life in the entire estate; it would have violated the testator's wishes, as expressed in the will, if the two daughters by an agreement had been permitted to terminate the trust. At that time the trust was active; there was at that time a sufficient reason for continuing the trust. The same principle was recognized and applied in the recent case of *Newport Trust Co.* v. *Newton*, 49 R. I. 93.

The main ground for the decision dismissing the bill apparently was that the trust was active by reason of the provision for survivorship and the fact that both daughters, at that time, were living. BLODGETT, J., who wrote the opinion, did proceed to state the rule that courts will never presume that a woman, no matter what age she has attained, is incapable of having issue. Although he did not so decide, expressly, we infer that he assumed that, if children had been born to either or both daughters, the will, by implication, devised and bequeathed the remainder to such children after the death of their respective mothers. Said justice

considered also the provision in the third clause of the will to the effect that "the shares of my said daughters shall not absolutely vest in said daughters" but that they shall enjoy the income of the trust property, the *corpus* of which shall be free from the control of "any husband of either of my said daughters." The reasoning of the justice apparently was that, as the testator thought that a trust was necessary in order to save the *corpus* of the property from the control of the daughters' husbands, it was therefore necessary to continue the trust, although married women had, by statute, been given, and still enjoyed, the right to control their own property.

Said justice, in considering said provision of the third clause of the will, stated that "the trust is as valid today as on the day of the death of the testator, and must remain in force until the death of the survivor of his two daughters." Notwithstanding the language of the latter half of the sentence, the opinion ordered that the bill be dismissed without prejudice. Such order indicates that the court was of the opinion that it was possible for the facts to so change that it would be proper to terminate the trust. The only change that could occur before the trust is terminated by the death of the last *cestui* has happened, that is, the decease of one daughter leaving but one surviving.

The court did not decide that the trust must continue until the death of the survivor of the two daughters. That question was not before the court for decision.

Assuming for the time being the absurd proposition that a woman upwards of 75 years of age is capable of bearing children, would a child or children, if any such are hereafter born to the complainant, take under the will the remainder after the equitable life estate in the complainant?

The only mention of children in the will is in the fourth clause in which Martha Jane Blake is given the entire estate, "provided that she shall survive my said wife and daughters and the children of said daughters."

Counsel for respondent argues that the testator made by implication a gift of the remainder to the children thereafter born to his daughters.

The authorities are almost unanimous to the effect that an estate by implication is never permitted, except from necessity, which must be apparent on the face of the will, and for the purpose of effectuating the manifest intention of the testator. *Wood* v. *Mason,* 17 R. I. 99; *Pierce* v. *Swan,* 21 R. I. 320; *Hurlbut* v. *Hutton,* 42 N. J. Eq. 15; *Bishop* v. *McClelland's Excrs.,* 44 N. J. Eq. 450; *Post* v. *Hover,* 33 N. Y. 593; *Bradhurst* v. *Field,* 135 N. Y. 564; *Carr* v. *Porter,* 1 McCord's Ch. (S. C.) 60; *O'Hearn* v. *O'Hearn,* 114 Wis. 428. "By necessary implication in such case is meant so strong a probability of intention, that an intention contrary to that, which is imputed to the testator, cannot be supposed." *Coberly* v. *Earle,* 60 W. Va. 295. 1 Jarman on Wills, (6th Am. ed.) at page 532, contains the following statement of the rule: "Hence it has become a settled distinction, that a devise *to the testator's heir* after the death of A, will confer on A. an estate for life by implication; but that, under a devise to B., a stranger, after the death of A., no estate will arise to A. by implication. This is an exact illustration of the difference between necessary implication and conjecture. In the former case, the inference that the testator intends to give an estate for life to A. is irresistible, as he cannot, without the grossest absurdity, be supposed to mean to devise real estate to his heir at the death of A., and yet that the heir should have it in the meantime, which would be to render the devise nugatory." We have above called attention to the fact that Martha Jane Blake was not the heir-at-law but a stranger to the blood of the testator. At page 543 the author says that the general principles "governing the doctrine of implication in regard to real estate, it is conceived, are applicable to bequests of personal estate."

It thus appears that there was no gift to children which may be born, and, as the gift to Martha Jane Blake lapsed,

the remainder descended as intestate estate to complainant as heir-at-law of the testator. The complainant now owns the remainder in fee and the equitable estate during her own life. What reason is there now for continuing the trust?

The trust is unnecessary for the protection of the *corpus* of the estate from complainant's husband. The respondent is not charged with any active trust or duty in the management or disposition of the estate. No one but the complainant has, or can have, any interest in the estate. ·

In *Langley* v. *Conlan*, 212 Mass. 135, the court said: "It is a general principle that where property is given for the benefit of certain persons in such a way that no one else has or can have a possible interest in it, they are in effect absolute owners and should have the control and disposition. In such a case equity will decree a dissolution of the trust." See also *Taylor* v. *Taylor*, 9 R. I. 119; *Cowing* v. *Dodge*, 19 R. I. 605.

Our determination is that the time for termination of the trust has arrived; that the complainant is entitled to have the trust property and estate transferred, paid over and conveyed to her, discharged of said trust, by the respondent.

The parties may on December 18, 1929, present for our approval a form for a decree to be entered in the Superior Court.

*James Harris, Malcolm D. Champlin, John C. Knowles,* for complainant.

*Tillinghast & Collins, Russell P. Jones,* for respondent.