## In Re Trust Estate of Paul E. Simanton et als

[104 A2d 918]

February Term, 1954.

Present: **Sherburne, C. J., Jeffords, Cleary, Adams and Chase, JJ.**

Opinion Filed May 4, 1954.

*Richardson & Caldbeck* for the petitioner.

**Sherburne, C. J.** In his last will and testament dated May 11, 1936, and allowed by the probate court on May 19,

1943, Charles E. Simanton, late of St. Johnsbury deceased, gave certain articles of personal property to each of his two sons Fred and Paul E. and to Doris, wife of Fred. Then he directed that all his real estate be sold and directed that one-half of the proceeds should become the property of Fred, and gave to Fred one-half of his bank deposits, one-half of his bonds and one-half of any property not otherwise disposed of. Lastly, he gave to Paul E., "but in trust", the other half of the proceeds of his real estate and of the bank deposits, bonds and property not otherwise disposed of, and appointed the Merchants National Bank of St. Johnsbury trustee, and directed it to invest the trust fund, and pay over the income and principal as follows:

"In the event of the death of the present wife of Paul E. Simanton or upon a decree of divorce between them becoming absolute, I direct the trustee to pay to the said beneficiary, Paul E. Simanton, the entire amount of the trust fund and all interest and dividends which have accumulated thereon.

"I direct that the said trustee shall pay to Paul E. Simanton, after he has reached his fifty-fifth birthday, all interest and dividends which have accumulated on the trust fund, but no part of the trust res shall be paid to Paul E. Simanton, otherwise *that* upon the happening of the events set forth in the previous paragraph.

"On the death of Paul E. Simanton, I direct that the entire trust fund and any interest or dividends thereon shall be paid by the trustee to my son Fred Simanton. If Fred Simanton has predeceased Paul E. Simanton, I direct the trustee to pay over any amount in the trust fund to the issue of the said Fred Simanton, if any there be. If neither Fred Simanton nor his issue are alive, I will and direct the trustee to pay over the trust fund and interest thereon to the wife of my son Fred Simanton, Doris Simanton, and her heirs."

Having received on November 28, 1947, after he had become fifty-five years of age, a sum representing the in-

come which had accrued on the trust fund to the date of his fifty-fifth birthday, but not having since received any income that has thereafter accrued thereon, Paul E. Simanton brought this petition to the probate court for a declaratory judgment against the Merchants National Bank, as trustee, and Fred and Doris Simanton. To the following sections of the judgment order thereon the petitioner has excepted:

"[e]. That thereafter his fifty-fifth birthday, the said Paul E. Simanton is not entitled to any part of the trust estate, either principal or income, except in the event of the death of his present wife, or upon a decree of divorce between them becoming absolute.

"[f]. That it was the purpose and intention of the testator that the said Paul E. Simanton should receive no further benefits from said trust while married to his present wife."

The sole question presented is whether Paul E. Simanton, while married to his present wife, is entitled to receive the income that has accrued upon the trust fund since his fifty-fifth birthday and the income that will accrue hereafter.

Our attention is called to the following rules for the construction of wills, all of which, with the cases supporting them, are brought together in *Tuttle* v. *Tuttle*, 112 Vt 271, 278, 23 A2d 523. In construing a will the first and chief object is to ascertain the intention of the testator, from the language used, since, so far as it may be legally carried out, that governs. To determine such intention, the court is to take the instrument by its four corners, consider it in all its parts, and give effect to its language read in the light of the relation of the parties concerned and the circumstances attending its execution. Stated differently, the court is to place itself in the shoes of the testator, and his language is to be construed and interpreted in the light afforded by the state of facts with which he was surrounded, and his relations to the various objects of his bounty. Force and effect must be given to every part of the will, if possible, since it is not to be presumed that the testator used an unnecessary word, or one to which no proper force can be given.

■■ The decision of all questions respecting the construction of wills depends upon the intention of the testator, as manifested by the language he has used. If a reading of the whole will produces a conviction that the testator must necessarily have intended an interest to be given which is not bequeathed or devised by express or formal words, the court must supply the defect by implication and so mould the language of the testator as to carry into effect as far as possible the intention which it is of opinion that he has on the whole will sufficiently declared. *Metcalf* v. *First Parish in Framingham*, 128 Mass 370; *Lamb* v. *Jordan*, 233 Mass 335, 123 NE 782; *Fitts* v. *Powell*, 307 Mass 449, 30 NE2d 397; *Brock* v. *Hall*, 33 Cal2d 885, 206 P2d 360, 11 ALR2d 672. But if there is nothing in the will that makes it certain what the testator desired to do in the contingency that has arisen the rule just referred to does not apply. *Child* v. *Child*, 185 Mass 376, 70 NE 464; *Bailey* v. *Bailey*, 236 Mass 244, 128 NE 29; *Fitts* v. *Powell, supra.*

The only express direction to the trustee in favor of Paul E. Simanton while he remains married to his present wife is to pay to him after he has reached his fifty-fifth birthday "all" interest and dividends which have accumulated on the trust fund. Because on the death of Paul the testator directs that the entire trust fund and "any" interest or dividends shall be paid to Fred Simanton, his issue or widow, as stated in the last quoted paragraph of the will, the petitioner argues that the use of the word "any" fairly implies that the testator meant not all the accumulations on the trust fund from Paul's fifty-fifth birthday to the date of his decease, but any accumulations that might not have been paid over to his son Paul. He says that if the testator had in mind that all the income after Paul's death should be paid to Fred in case of Paul's decease, he would have used the word "all" instead of "any". Furthermore the petitioner says that there is nothing in the will to indicate any reason why Paul should receive only one payment of income from the trust fund, and that on his fifty-fifth birthday, and that such a construction does not harmonize with testator's evident intent to give his son Paul one-half of his estate, subject only to the limitation as to the

payment of the corpus to him so long as he remains married to his present wife.

The word "any" as here used may mean "all". Webster's New International Dictionary. It is our duty to construe the will which the testator has made, not to speculate on his intentions and make a will for him. The most that can be said is that from the nature of the trust created one would expect to find that Paul, besides receiving after his fifty-fifth birthday while married to his present wife the income that had accumulated on the trust fund, would, while so married, also receive the income thereafter accruing thereon. But a reading of the entire will does not produce the conviction that the testator must necessarily have so intended. There is nothing in the will that makes it certain that he so desired. Consequently petitioner's exceptions must be overruled.

*Judgment order affirmed. To be certified to the Probate Court.*