## In Re Estate of Ida Lillian Lull

[138 A2d 615]

November Term, 1957.

Opinion Filed January 7, 1958.

*Webber & Costello* for the petitioners.

*Yandell, Smith & Page* for Howard National Bank and Trust Company, *Francis D. Foley* for Robert D. Lull, Jr. and *Joseph C. McNeill* for Upland Cumberland Mountain Sanatorium.

**Cleary, J.** This is a petition for a declaratory judgment brought by the Trustees of the Diocese of Vermont to the probate court for the District of Windsor, under V. S. 47, chap. 77, asking for a construction of the last paragraph of the residuary part of the last will and testament of Ida Lillian Lull, deceased, late of Windsor, Vermont. Hearing was had, findings of fact and a decree were made. The case is here on the petitioners' exceptions to the decree. The only claim made by the petitioners is that under the "Ninth" clause of the will the testatrix intended that the ultimate residuum of her estate should be divided into five equal shares, and that the petitioners are entitled to receive two of them, one for the benefit of St. Paul's Church, Windsor, Vermont, and another one for the benefit of Rock Point School for Girls, rather than one of four equal shares, as decreed by the probate court.

The petitioners ask that we construe the will in accordance with their claim.

The "Ninth" clause of the will is as follows:

"NINTH: the rest, residue and remainder of my estate, both real and personal, I give, devise and bequeath to my executors, IN TRUST, for the following purposes: They shall keep the same invested in accordance with the Law of Vermont applicable to trust funds, and shall pay the net income thereof at reasonable and convenient intervals, to or for the benefit of my husband ROBERT DELANO LULL so long as he shall live and remain unmarried. Upon his death or if he shall predecease me or if he shall remarry, then the principal of said fund I give, devise and bequeath as follows:

"(a) The sum of Five Thousand Dollars ($5,000.00), to the Windsor Hospital Association of Windsor, Vermont, to

form a fund known as the Ida L. Lull Fund, the income thereof to be expended at the discretion of said Hospital Association.

"(b) The sum of Two Thousand Dollars ($2,000.00) to the Pleasant Hill Sanatorium of Pleasant Hill, Tennessee, to be added to the general endowment of said Institution and the income only to be used for the general purposes of the institution.

"(c) The sum of Five Thousand Dollars ($5,000.00) to the Trustees of the Diocese of Vermont (Episcopal) to be held in trust, the income only from said trust to be paid to the Treasurer of St. Paul's Episcopal Church of Windsor, Vermont, to be used for the general expenses of the church. This fund may be invested or reinvested by the Trustees of the Diocese as in their judgment seems wise and the statutes of Vermont permit trust funds to be invested.

"(d) The sum of Five Thousand Dollars ($5,000.00) to the Trustees of the Diocese of Vermont (Episcopal) to be held in trust, the income of said fund to be paid to the Rock Point School for Girls, Burlington, Vermont, for general expenses. Should the Rock Point School for Girls cease to function for a period of two years, the income of said fund shall be paid to the Treasurer of St. Paul's Church, Windsor, Vermont for general expenses. This fund may be invested and reinvested by the Trustees as in their judgment seems wise and the statutes of Vermont permit trust funds to be invested.

"In the event that my estate should be insufficient to pay said residual legacies in full, then the same shall abate pro rate: but if there shall still be a residuum after the payment of said legacies in full, then said ultimate residuum shall be divided equally between the Windsor Hospital Association, Windsor, Vermont, Pleasant Hill Sanatorium, Pleasant Hill, Tennessee, The Diocese of Vermont (Episcopal) for St. Paul's Church, Windsor, Vermont, for Rock Point School for Girls, Burlington, Vermont and Robert D. Lull, Jr., Poultney, Vermont."

That part of the decree of the probate court which the petitioners claim is not warranted by the findings of fact is as follows:

"the said testatrix, Ida Lillian Lull, intended that said 'ultimate residuum' should be divided into four equal shares so that there would be one (1) share for Windsor Hospital Association, Windsor, Vermont; one (1) share for Uplands Cumberland Mountain Sanatorium (referred to by the said testatrix in her said Will as 'Pleasant Hill Sanatorium'), Pleasantville, Tennessee; one (1) share for the Trustees of the Diocese of Vermont (referred to by the said testatrix in her said Will as 'The Diocese of Vermont (Episcopal)' for St. Paul's Church, Windsor, Vermont, and for the Rock Point School for Girls, Burlington, Vermont; and one (1) share for Robert D. Lull, Jr., Poultney, Vermont.

In construing a will the first and chief object is to axcertain the intention of the testator, from the language used, since so far as it may be legally carried out, that governs. To determine that intention, the court is to take the will by its four corners, consider it in all its parts, and give effect to its language read in the relation of the parties concerned and the circumstances of its execution. Force and effect must be given to every part of the will, if possible, since it is not to be presumed that the testator used an unnecessary word, or one to which no proper force can be given. *In re Estate of Houghton*, 118 Vt 228, 233, 105 A2d 257; *In re Trust Estate of Simanton*, 118 Vt 202, 204, 104 A2d 918; *In re Estate of Hayward*, 117 Vt 313, 316, 91 A2d 559; *In re Estate of Daniels*, 116 Vt 190, 193, 71 A2d 586; *Harlacker* v. *Clark*, 115 Vt 261, 263, 56 A2d 486; *In re Will of Hall*, 114 Vt 400, 401, 45 A2d 574; *Tuttle* v. *Tuttle*, 112 Vt 271, 278, 23 A2d 523.

The petitioners argue that their claim regarding the last paragraph of the Clause numbered "Ninth" of the will is evidenced by three things:   (a) The punctuation; (b) The use of a capital letter introducing the gift "For Rock Point School for Girls"; (c) The fact that there was sufficient space on the bottom of the page on which the paragraph commences to have inserted the words "For Rock Point School Etc." but that there is a blank space after the words "for St. Paul's Church, Windsor, Vermont" and the words "For Rock Point School for Girls" commence on the next page.

The petitioners say the correctness of the punctuation is questionable; that a comma may be used to indicate omitted words and hence the comma after the words "St. Paul's Church, Windsor, Vermont", could well mean the omission of the words "The Diocese of Vermont (Episcopal)"; that if the punctuation used is contrary to the clear intention of the testatrix as expressed by an examination of the entire will the punctuation actually employed may be ignored in part; that the grammar used leaves much to be desired, yet it is to be regarded and will not be departed from, unless it would lead to an absurdity, or unless there is enough in the will to satisfy the mind that it was not the intention of the testatrix to have it so construed; that each phrase of the paragraph in question is separated by a comma and, while not strictly correct, it indicates an intention to divide the ultimate residuum into five equal parts; and that the construction by the probate court cannot be sustained by the punctuation used by the testatrix.

It is our duty to construe the will which the testatrix has made, not to speculate on her intentions and make a will for her. *In re Estate of Simanton*, 118 Vt 202, 206, 104 A2d 918. We are not convinced that the use of commas for punctuation indicates the intention of the testatrix to divide the ultimate residuum of her estate into five equal parts; but to so conclude would be speculation on her intention. This is true, also, of the use of a capital letter introducing the gift "For Rock Point School for Girls" and the claimed fact that this provision commences on another page of the will. This use of another page was not found as a fact and no mention of it was made by the probate court. The only exception was that the decree was not warranted by the pleadings, not supported by the findings, and was erroneous as a matter of law.

The petitioners claim it is clear that the testatrix intended that St. Paul's Church and the Rock Point School receive separate gifts from the residue, and that by reading all of the "Ninth" clause the intent of the testatrix is manifest that if the residue is more than enough to pay the legacies in full the testatrix intended that this "ultimate residuum" be divided in equal shares between the same legatees to whom she had

made cash bequests from the residue and Robert D. Lull, Jr. The fault with this claim is that the will does not say that the "ultimate residue" be divided in equal shares between those legatees and Robert D. Lull, Jr. but on the contrary says that it shall be divided equally between the Windsor Hospital, the Sanatorium, The Diocese of Vermont (Episcopal) for St. Paul's Church, For Rock Point School for Girls and Robert D. Lull, Jr. It indicates the intention of the testatrix that the shares bequeathed to the Windsor Hospital, the Sanatorium, and to Robert D. Lull, Jr. shall each be equal to the share bequeathed to the petitioners and that the petitioners' share is bequeathed to them for two purposes, for St. Paul's Church and for Rock Point School for Girls. The testatrix had previously provided in the "Ninth" clause that the residual legacies should abate pro rata if the estate proved insufficient to pay them in full. If it was her intention to provide that those legacies should be increased pro rata if an ultimate residuum resulted after the residual legacies had been paid in full she could have easily expressed it. She did not do so but instead provided as we have outlined *supra*. If it was her intention to bequeath two shares of the ultimate residuum to the petitioners she could have named the petitioners twice as she did in paragraphs (c) and (d) of the "Ninth" clause instead of naming the petitioners only once as she did in the final paragraph of the "Ninth" clause. This Court cannot presume that the testatrix intended to name the petitioners twice instead of once in the ultimate residuary clause which we would have to presume if we sustained the petitioners' claim.

■ If a reading of the whole will produces a conviction that the testatrix must necessarily have intended an interest to be given which is not bequeathed or devised by express or formal words, the court must supply the defect by implication and so mould the language of the testatrix as to carry into effect as far as possible the intention which the Court is of the opinion that she has on the whole will sufficiently declared. But if there is nothing in the will that makes it certain what the testatrix desired to do in the contingency that has arisen the rule just referred to does not apply. A reading of the entire will does not

produce the conviction that the testatrix must necessarily have so intended. There is nothing in the will that makes it certain that she so desired. Consequently the petitioners' exceptions must be overruled. *In re Estate of Simanton,* 118 Vt 202, 205-206, 104 A2d 918.

*Decree affirmed. To be certified to the Probate Court.*