244 A.2d 575.

INDUSTRIAL NATIONAL BANK OF RHODE ISLAND,
*Trustee u/w of William H. Haskell vs.*
DORIS VOTAW *et al.*

AUGUST 1, 1968.

PRESENT: Roberts, C. J., Paolino, Powers, Joslin and Kelleher, JJ.

KELLEHER, J. This civil action[1] was brought for the construction of the will of William H. Haskell who died a resident of Pawtucket on April 19, 1900, and to obtain instructions pertaining thereto. A hearing was held in the superior court and the case was then certified to us pursuant to the provisions of G. L. 1956, §9-24-28, as amended, for our determination.

The plaintiff has been acting for some time as trustee under the will and presently is withholding distribution of certain trust funds pending determination of the issues raised in these proceedings. The superior court appointed a

---

[1]While this suit was commenced prior to January 10, 1966, the effective date of the new rules of civil procedure of the superior court, as a bill in equity, all the proceedings in the superior court ensued after that date. Consequently, where appropriate we will use herein the terminology of the new rules.

guardian ad litem to represent certain minors and it also designated an attorney to represent the rights of individuals who have potential interests under the will but who are at this time unknown, unascertained or not in being.

William H. Haskell executed his will one week prior to his death. He was survived by his wife, Ann, two daughters, Eunice Edna (Haskell) Moies and Elizabeth Drew (Haskell) Hamilton, and two grandchildren, Amy Seymour Moies and William Henry Moies, both of whom were children born of his older daughter Eunice's marriage. Five years after testator's death, a third grandchild was born to his family named Doris Elizabeth (Hamilton) Votaw, the sole off-spring of his younger daughter, Elizabeth. At present, Doris Votaw is the nearest lineal descendant of testator still living.

The major portion of testator's wealth was distributed through the residuary clause of his will, hereafter referred to as clause 5, in which he established a rather complicated testamentary trust. The clause is subdivided into eight parts each of which is designated by letters of the alphabet ranging consecutively from (a) through (h). It is clause 5 and the integration of several of its subparts with which we are here concerned. See appendix. Essentially, under clause 5 the testator bequeathed all of the income from his residuary trust to his surviving spouse with the exception of $2,000 which was to be paid annually in equal shares to his two daughters, or in the event that either should die leaving issue, the issue of the deceased daughter would receive the $1,000 per stirpes. At the death of his surviving spouse, the testator provided that all the income of the trust was to be paid equally to his two daughters. The testator further provided that if "either" daughter died leaving issue, such issue should inherit their mothers' share in the trust. He also provided for the contingency that if one daughter died without issue, the remaining daughter would

receive all the income from the trust. In the event both daughters died without issue living, the testator directed that the trust should terminate and the corpus thereof be distributed equally among the heirs of his daughters.

It is advanced here by several counsel that the one contingency for which testator did not provide, namely, that both of his daughters would die with issue surviving them, actually occurred. Therein, it is claimed, lies the crux of the problem which is presented by the instant suit.

With the passage of time, some of the above wishes of the testator were carried out. His widow, Ann, received income for her life and at her death in 1919, all the income from the trust was paid equally to his two daughters. In 1937, his older daughter, Eunice, died and her portion of the trust income was thereafter paid over to her only surviving child, Amy Seymour Moies. The younger daughter, Elizabeth, lived until 1950 after which time her income interest in the trust was then paid to her sole surviving child, Doris Elizabeth Votaw. So, in 1950, both of testator's daughters had died and both left surviving issue who succeeded to the income interests which their respective mothers had received during their lives.

In 1965, Amy Seymour Moies died without issue surviving her and thus the lineal descendants of testator stemming from one of his daughters ended. Since Amy's passing, the trustee has withheld and accumulated the income interests which had been paid to her during her life because of its uncertainty as to whom such income belongs.

In determining the interest created by provisions of a will, it is elemental law that the court will examine the document in its entirety to ascertain the dominant intent of the testator and thereafter to give effect thereto so long as no established principle of law is contravened thereby. *Industrial National Bank* v. *Austin,* 100 R. I. 697, 219 A.2d 389. Having studied the dispositive provisions of the will

now before us in accordance with this rule, we are satisfied that the testator entertained a general testamentary scheme which is discernible within the four corners of his will, though admittedly it is unartfully articulated.

First, we believe that the testator has clearly evidenced an intent to have his daughters treated equally with respect to the distribution of his estate. Plainly enough the testator provided that each of his daughters should equally enjoy, upon the passing of his widow, a life estate in the income generated by his residuary trust. An integrated reading of clause 5(b), (d) and (g), all of which are fully set out in the appendix, spells out this desire with such clarity as to preclude virtually any argument to the contrary.

Secondly, we think it is also apparent from a perusal of the will that the testator wished to provide ultimately for his grandchildren. Throughout clause 5, testator repeatedly makes mention that the surviving issue of his daughters would succeed per stirpes to the interest in his estate possessed by their respective mothers.

As mentioned above, it is contended that the testator did not expressly provide for the one contingency which in fact occurred. Both his daughters were survived by children and it is asserted that no disposition of the trust is provided for on such a happening. Based upon this argument, many theories have been advanced by the battery of counsel engaged to represent persons with varied degrees of interest in testator's estate. In view of the divergency of arguments which have been advanced in this case, we have chosen not to make specific reference to every argument made, in the belief that nothing will be gained by such an approach. Accordingly, we shall refer only in passing to those arguments and theories which in our opinion are necessary to a fuller understanding of the construction which we give this will.

The instant cause raises two issues for determination. First, what was the nature and extent of the interest which the testator's grandchildren received under his will. And second, the related question as to who succeeds to the interest formerly possessed by Amy Seymour Moies.

With regards to the first question, we are persuaded to accept the argument of those attorneys who advocate that the testator intended his grandchildren should take a remainder interest in the trust which vested for each grandchild at the death of each of their mothers. This result is achieved by applying an implied gift theory in much the same fashion as we did in *Rhode Island Hospital Trust Co.* v. *Huntoon,* 94 R. I. 474, 181 A.2d 614. There we said when a gift is conveyed to B for life with an express remainder to C if B dies without issue, a gift by implication arises to those issue who survive B unless of course a contrary intention of the testator is found in the will. A failure to acknowledge in the above illustration such a remainder interest would result in imputing to a settlor an unwarranted caprice in the disposition of his property. Such imputations are unfair to all parties interested in an estate and should be avoided whenever it is reasonably possible to do so. See 3 Restatement, *Property,* §272, comment a, p. 1398.

If we are going to be faithful to the oft-cited rule of effectuating a discovered intendment of a testator, a gift by implication to the issue of the present testator's grandchildren must of necessity be found here. *Cf.* Simes & Smith, *The Law of Future Interests* (2d ed.), §842, p. 328. While it is generally true that courts are chary to find implied gifts in wills, nonetheless, such a theory is a highly salutary constructional tool which should be invoked in those instances when the testator has chosen language sufficient to indicate a discernible intention that the issue of a life tenant should be given a remainder interest. *Thomas* v. *Rhode Island Hospital Trust Co.,* 50 R. I. 369, 147 A. 884; Simes

& Smith, *supra;* Bogert (2d ed.), *Trusts & Trustees,* § 182, p. 231.

After focusing on the language employed in clause 5 (g) and upon a studied analysis of the remaining provisions of the testator's will, we conclude that an implied gift theory should be applied in the circumstances before us in order to fulfill better what we believe was the general testamentary plan of the testator. Hence, in the present instance, by necessary implication we find the testator's two grandchildren, Amy Seymour Moies and Doris Elizabeth Votaw, were recipients of an implied gift of remaining interests in the residuary trust of clause 5. Moreover, we find our conclusion in this regard is to be consistent with a reasonable interpretation of clause 5(d) in which the testator bequeathed thusly:

> "(d) After the death of my said wife I direct all of the income of my said estate to be paid in quarterly payments in equal shares to my two daughters, Eunice E. Moies and Elizabeth D. Hamilton, and in case of the decease of *either* of them leaving issue living at the time of such decease then such issue shall take his, her, or their parent's share of said income." (italics ours)

It is vigorously argued by some of the parties to the present action that the word "either" in the above clause should be defined as meaning "one or the other" and not, as some choose to define it, as meaning "both." Notwithstanding the arguments to the contrary, we are of the opinion that since the testator's general scheme of disposition was to bequeath fully all that he owned in clause 5 equally to his daughters, the word "either," in order to be logically consistent with the testator's general plan, must be taken as meaning "both" daughters. Upon such a reading, the application of an implied gift of the remaining interest to the grandchildren becomes more convincing.

What now must be determined is the extent of the interest which the testator bequeathed to his grandchildren.

Under the construction which we give clause 5(d) each grandchild received a vested remainder interest upon the death of their respective mothers. But the precise question to be decided is whether Amy Seymour Moies and Doris Elizabeth Votaw received a vested life estate in the income of the residuary trust or, in the alternative, an equitable fee interest in the entire trust?

Whether a beneficiary has been devised or bequeathed an estate for life or one in fee must be determined by the limitations expressed in the will or by the manifest intent of the testator gathered from the will. *Greene* v. *Wilbur*, 15 R. I. 251, 3 A. 4; see also Restatement Second, *Trusts 2d*, §128, p. 276. If the beneficiary receives the entire beneficial interest, then on his death it passes under his will or, if he dies intestate, it will go to his heirs or next of kin. On the other hand, if the beneficiary's interest is limited to a life estate, then on his death in the absence of a gift over he has no interest of which he can dispose and there arises a resulting trust in favor of the settlor, his heirs or next of kin or residuary legatees or devisees. 2 Scott, *Law of Trusts* (3d ed.), §128.2, p. 1012.

A reading of the testator's will in the instant case reveals that he failed to denote the extent of the beneficial interest which vested in his grandchildren at the death of his daughters. In the absence of such expressed determinations, it behooves us to divine from the will, if indeed such is possible, the testator's testamentary scheme and through the prudential employment of traditional constructional devices, attempt to carry out his intended dispositional plan. As in the case of an implied gift of a remainder interest, if upon a reading of the whole will there is produced a conviction that the testator intended an interest to be given which, for reasons not always apparent, he has failed to properly bequeath or devise by express or formal words, the court will mend the omission by implication—so long

as of course there is no evidence of a contrary intendment by the testator to be found within the four corners of the will. 4 Page, *Law of Wills,* §33.40, pp. 358-59; *Cf. In Re Lull's Estate,* 120 Vt. 195, 138 A.2d 615.

By clause 5(d) we have already said that the testator bequeathed a remainder interest to his grandchildren of their mothers' interest in the trust. However, merely because the property conveyed by the testator was placed in the control of the trustee does not require that the bequest be construed as creating a life estate only. *Cf. Robertson* v. *Surgener,* Ky., 386 S.W.2d 468. On the contrary, where the testator has given the right to the income of the trust without limitations, expressed or implied, as to amount or time and without any other disposition of the corpus of the trust, the prevailing rule seems to be that the testator is deemed to have impliedly conveyed an absolute equitable fee interest to the income beneficiary. *Greene* v. *Wilbur, supra;* Bogert (2d ed.), *Trusts & Trustees,* §182, p. 229; 2 Scott, *Law of Trusts, supra,* pp. 1013-14; Restatement Second, *Trusts 2d, supra,* comment b, p. 276; *Ross* v. *Stiff,* 47 Tenn. 355, 338 S.W.2d 244; *Fidelity Union Trust Co.* v. *Robert,* 67 N. J. Super. 564, 171 A.2d 348. For an implied gift of the entire beneficial interest of a trust to be found, there must not, however, be deduced from the language contained in the will or from the surrounding circumstances an intent by the testator which is contrary to the result achieved by the operation of the implied gift theory. *In Re Walton Estate,* 409 Penn. 225, 186 A.2d 32; 2 Scott, *Law of Trusts, supra,* pp. 1015-16; 4 Page, *Law of Wills, supra.*

Our analysis of the testator's will in this case has caused us to conclude that the testator, by omitting any language limiting the remainder interest of the grandchildren upon the death of his daughters, intended that the grandchildren enjoy a vested absolute fee interest in the entire trust. We,

therefore, in accordance with the law on implied gifts as set forth herein, imply such an unlimited bequest. Thus, Amy Seymour Moies is deemed to have received a vested equitable fee in one-half of the trust in 1937, the year in which her mother Eunice Moies died; accordingly, also, Doris Elizabeth Votaw is deemed to have received an equitable fee interest in one-half of the trust in 1950, the year in which her mother Elizabeth Drew Hamilton died.

Having made the preceding determination, we can now address our attention as to the present ownership of the fee interest in the trust. Since Amy Seymour Moies at her death in 1965 is considered to be possessed of a vested equitable fee interest in one-half of the corpus of the testator's trust, this property interest would have passed to her estate and must therefore be distributed according to the provisions of her will. Since Doris Elizabeth Votaw is still alive, she is presently regarded as being the fee owner of one-half of the testator's corpus.

We note in closing that the parties have posed certain other questions for our determination which are set forth in the order of certification entered in the superior court. The questions to which we refer ask us to decide whether the trust should have been terminated at an earlier date. It is our opinion that any reply to these inquiries considering the posture of the present record would be wholly inappropriate. Whether the Haskell trust should have ended earlier is an issue to be resolved in a more suitable proceeding than the instant construction suit. Any effort by us to resolve such questions would have this court delving into the abstract and rendering an opinion purely advisory in nature. This we will not do. See *Industrial National Bank* v. *Isele,* 101 R. I. 734, 227 A. 2d 203. As we said in *Knowles* v. *South County Hospital,* 87 R. I. 303, 140 A. 2d 499, it is the will which is certified to us under §9-24-28, as amended, and not the questions framed by the parties.

All that we decide here is that Amy Seymour Moies acquired a vested equitable fee in and to one-half of the Haskell trust upon the death of her mother in 1937, and from that time she could have demanded distribution of her share therein. Likewise as regards Doris Elizabeth Votaw we only decide that upon the death of her mother in 1950 Doris became the owner of a vested equitable fee in and to the remaining half of the trust which she could have requested to be distributed to her at that time.

The parties may present for our approval a judgment in accordance with this opinion to be entered in the superior court.

### Appendix
### "5.

"'* * *

"(b) After the payment of any and all expenses incident to said trust, including the payment of a reasonable compensation to my said trustees for their services hereunder, I direct my said trustees to pay from the income of my said estate the sum of One Thousand Dollars per annum to my daughter Eunice E. Moies of Central Falls, R. I., and a like sum to my daughter Elizabeth D. Hamilton of said Pawtucket, in equal quarterly payments of Two Hundred and Fifty Dollars to each one of my said daughters; and in case of the death of either of my said daughters leaving issue living at the time of her death then such issue shall take said amount so long as my said wife shall live.

"'* * *

"(d) After the death of my said wife I direct all of the income of my said estate to be paid in quarterly payments in equal shares to my two daughters, Eunice E. Moies and Elizabeth D. Hamilton, and in case of the decease of either of them leaving issue living at the time of such decease then such issue shall take his, her, or their parent's share of said income.

"(e) Said payments to my said daughters shall continue so long as they or either of them shall live, and in case either of my said daughters shall die without leaving issue living at the time of her decease, then the whole of said income

after the death of my said wife shall be paid to the remaining daughter for and during her natural life, and after the death of such remaining daughter the income from said estate shall be paid to such of the children of said remaining daughter as shall be living at the time of my decease, and such children shall continue to receive said income so long as they shall live, and at their death said trust shall terminate and cease and the principal of my estate shall be divided equally among the legal heirs of such deceased child or children of my said daughter or daughters.

"(f) In case both of my said daughters shall die without leaving issue living at the time of their death, then upon their death, subsequent to the death of my said wife, said trust shall cease and terminate and the principal of my said trust estate shall be distributed equally among the legal heirs of my said daughters, to have and to hold to them and their heirs forever.

"(g) In case after the death of my said wife, the income from my estate during the lives of my said daughters or during the life of the survivor of them, should not amount to One Thousand Dollars to each one, or to such survivor, or to the issue of such as shall die leaving issue living at the time of her death, then I authorize and direct my said trustees to pay from the principal of my estate to such daughter or daughters, or to such surviving issue, such sum as may be necessary for their comfortable support, not, however, exceeding to each individual, the sum of One Thousand Dollars from such principal during any one year."

*Hinckley, Allen, Salisbury & Parsons, Stuart H. Tucker, Thomas D. Gidley,* of counsel, for plaintiff.

*Edwards & Angell, Providence; William H. Edwards and John H. Blish,* for Doris Votaw, France E. Votaw, Jr., and Anne E. Carroll.

*Graham, Reid, Ewing & Stapleton, Providence; Edward J. Regan and Charles S. Sokoloff,* for C. Willis Thompson, Executor u/w Amy Moies.

*Tillinghast, Collins & Tanner, Providence; John J. Partridge, Peter J. McGinn and William M. Sloan,* for Thomas

416

Moies, Jr., Merroe Royston Moies Woolley and Constance C. Moies, Executrix under the will of Charles P. Moies, Jr.

*Hogan & Hogan, Edward T. Hogan,* for May Meroe Moies Crawford.

*Swan, Keeney & Jenckes, Rae B. Condon* and *Andrew H. Davis, Jr.,* for Bethany Home of Rhode Island.

*Albert B. West,* Guardian Ad Litem, for Kathleen E. Carroll, Suzanne L. Carroll, Elizabeth A. Carroll and Ruth E. Carroll.

*John Gorham, Providence,* attorney for all persons unknown, unascertained for not in being.